.May Term,
1835.

## KERNODLE *v.* HUNT,

KERNODLE
v.
HUNT.

| 4b | 57 |
| 148 | 98 |

| 4b | 57 |
| 156 | 75 |

To debt on a promissory note, the defendant may plead in general terms, that the note was made without any good or valuable consideration whatever.

A plea in such case, that the note was made in consideration of the sale and conveyance to the defendant of the right to use, sell, &c. a certain patent right, which patent right was of no value,—is insufficient.

So if the plea be, that the note was executed in consideration of the sale and conveyance to the defendant of a right to use, sell, &c. a certain patent right, which the payee represented to be useful and valuable, but which was in fact of no use or value,—it is not sufficient.

But a plea in such case, that the note was made in consideration of the sale and conveyance to the defendant of a right to use, sell, &c. a certain patent right, which the payee represented he owned and had authority to sell, when in fact he had no such ownership or authority,—is a good defence to the suit.

A replication to the last-mentioned plea, that the note was executed for a good and valuable consideration, without fraud, &c.—is not sufficient on special demurrer.

ERROR to the *Randolph* Circuit Court.

Saturday,
May 30.

STEVENS, J.—Debt by *Kernodle* as assignee of *Norris* against *Hunt* upon two promissory notes. The material allegations of the declaration are:—That *Hunt* made his certain promissory note, &c. to said *Norris,* by which he promised to pay, &c. 100 dollars for value received, &c.; and that he made his certain other promissory note, &c. to said *Norris,* by which he promised to pay, &c. 65 dollars, &c. upon condition that *Moses Mendenhall's* patent perpendicular grist mill plan should be a good and useful plan; if not, said last-mentioned note should be void, &c.; with an averment that the said patent perpendicular grist mill was a good and useful plan, &c. To this declaration the defendant pleaded five several pleas.

First, That the said notes were voluntary, being made without any good or valuable consideration whatever, &c.

Secondly, That the notes were made for and in consideration of the right of making, using, and vending to others to use, &c. the patent right of *Moses Mendenhall's* patent perpendicular grist mill, which was sold and conveyed to the obligor by the said *Norris* and one *Treadway* by deed of conveyance, &c.; and that at the time of said sale and conveyance, and at the time of making said notes, the said patent right was not, nor is it now, of any value or use to him the obligor, &c.; and therefore the notes were given without any good or valuable consideration whatever, &c.

8

Thirdly, That the notes were made for and in consideration of the right of making, using, and vending to others to use, &c. the patent right of *Moses Mendenhall's* patent perpendicular grist mill, which was then and there sold and conveyed to the obligor by the said *Norris* and one *Treadway* by deed of conveyance, &c.; and that at the time of said sale and conveyance, and at the time of making said notes, they the said *Norris* and *Treadway* represented to him, that the said patent was a good, useful, and valuable improvement for grinding corn and other grain; and that he, confiding and relying upon said warranty, made the said promissory notes, &c.; when in fact the said patent right was not a useful and valuable improvement, &c., but was and is of no value, &c.; and therefore the consideration was wholly insufficient, &c.

Fourthly, The fourth plea is precisely like the third, with an additional averment, that the said *Norris* and *Treadway* well knew at the time they represented the said patent right to be a useful and valuable improvement, that it was not useful and valuable, and thereby falsely and fraudulently deceived him, &c.

Fifthly, That the notes were made for and in consideration of the right of making, using, and vending to others to use, &c. the patent right of *Moses Mendenhall's* patent perpendicular grist mill, which was then and there sold and conveyed to the obligor by said *Norris* and one *Treadway* by a deed of conveyance, &c.; and that at the time of the sale and conveyance, they the said *Norris* and *Treadway* represented themselves to be the true and lawful owners of said patent right, and that they had full power and lawful authority to sell and convey, &c.; and that confiding in that representation, he made the notes, &c., when in truth the vendors had no right or title to said patent, nor had they any lawful power or authority to sell and convey, &c.; and therefore the consideration had wholly failed, &c.

The first and second pleas were severally demurred to, and the causes of demurrer to the first plea specially assigned; which causes are, that the plea is in general terms, when it should specially show the special matter relied on; and that it concludes with a verification, when it should conclude to the country, &c. The demurrer to the second plea was sustained, and the one to the first plea overruled.

To the third, fourth, and fifth pleas, the plaintiff replied, that he ought not to be barred, &c. because, &c. the said notes, &c. were made for a good and valuable consideration, without fraud, &c., and concluded to the country, &c. To which replications the defendant demurred, and the demurrers were sustained by the Court, and final judgment rendered for the defendant.

The first question is, was the demurrer to the first plea correctly overruled?

The first plea is good, and consequently the demurrer was correctly overruled. That question is settled in the case of *Huston* v. *Williams*, decided by this Court at their May term, 1833. In that case, it is said that a plea averring that a bond is voluntary, and without either a good or valuable consideration, is sufficient without any averments more special; because there are no facts more special in such a case to aver. If there was no consideration, there is nothing to make averments about. Such a plea, however, will not be available on trial, if there was any consideration whatever, no matter how fraudulent or trifling that consideration may have been.

The second plea is so glaringly defective that an examination of it is useless: the demurrer to it was correctly sustained.

The next and last question is, was the demurrer to the replication to the third, fourth, and fifth pleas correctly sustained?

It is a principle not necessary to reiterate, that a demurrer at any stage of the pleadings runs back to the first substantial error; and in this case, if the pleas are insufficient, the defendant cannot complain of the defects in the replication. We will examine the third plea separately. This avers, that the consideration for which the promissory notes were given was a patent right for a certain grist mill, &c.; and that the vendors represented, that the said patent mill was a good, useful, and valuable improvement for grinding corn, &c., when in truth it was of no value, &c.; and that he the defendant confiding in that representation, purchased, &c. These averments are entirely insufficient. They set out a consideration, and admit that that consideration was received, and was, has been, and is, without interruption, possessed and enjoyed by the vendee; that he got all he contracted for, and that the title is

good. No defects or insufficiencies either in title or any thing else connected with the consideration are complained of; there is no charge that any thing was concealed from his knowledge in any way. The complaint is, that the vendor represented it to be useful and valuable when it was not, and that he confiding in that representation purchased. These allegations are insufficient; no material issue can be made upon them; what one man may esteem very valuable, another may deem worth nothing. There is no averment that the vendee was ignorant of the value at the time of the purchase, and was therefore deceived. But if it were so averred, that would not of itself be sufficient. 2 Kent's Comm. 485, 486.—*Harvey* v. *Young*, Yelv. 21.—*Bayly* v. *Merrel*, 3 Bulst. Rep. 94.—Cro. Jac. 386. *Davis* v. *Meeker*, 5 Johns. Rep. 354.—*Jendwine* v. *Slade*, 2 Esp. Rep. 572.—Sugden on Vendors, 2.—*Chandelor* v. *Lopus*, Cro. Jac. 4.

The question in these cases is, did the vendor deceive the vendee by his false and fraudulent representations respecting some material fact, about which the vendee could not by common and ordinary diligence inform himself, in relation to the quality, the quantity, or the performance, &c. of the thing sold? As if the vendor, in this case, had falsely and fraudulently represented to the vendee, that said patent mill would grind 100 bushels of grain in a given time, or that it would make good meal and flour, &c., when in truth all these statements were false; and the vendee could not by ordinary diligence inform himself, and had relied solely on the honesty and integrity of the vendor. In such a case there would be something on which to form a material issue. The plea, however, contains no such allegations.

Again, this plea goes to the whole consideration of both notes. The plaintiff counts upon two several promissory notes, one for 100 dollars, the other for 65 dollars. The note for 100 dollars is an absolute note, and appears upon its face to have been given for value received. The note for 65 dollars is conditional: It is to be void if *Moses Mendenhall's* patent perpendicular grist mill is not a good and useful plan; and the declaration as to that note avers that it is "a good and useful plan." If this plea applied only to the consideration of this conditional note, it would be sufficient although replete with surplusage. A plea to this part of the declaration need only aver, that

"*Moses Mendenhall's* patent perpendicular grist mill is not a good and useful plan," with a proper beginning and a conclusion to the country. That averment would negative the allegation in the declaration and the condition of the note, in language as special and certain as the declaration and condition are, and would therefore put the material matter in issue. But this plea goes to the whole consideration of both notes and is therefore insufficient.

As to the fourth plea we give no opinion. It is complicated and admits of doubt, therefore we have not sufficiently examined it. Whether it is sufficient or insufficient, is immaterial as respects the conclusion to which we have come.

The fifth plea avers, that the consideration of said notes was the same as is alleged in the other pleas; that is, a patent right, &c. to a certain patent grist mill, &c.; but it avers that the vendor, at the time of the sale and conveyance, &c. of said patent right, represented and warranted that he was the true and lawful owner of said patent right, and that he had full power and lawful authority to sell and convey the same, &c. It then alleges that the vendor was not the owner; that he had no right, title, or interest in it; and that he had no legal power or authority to sell, &c. This plea is well pleaded both as to form and substance, and is a good bar to the action; and the demurrer to the replication to it was well sustained, if the replication is insufficient.

The replication is, that the notes, &c. were made for a good and valuable consideration, without fraud, &c. This the plaintiff in error insists is sufficient; that a general replication in such cases is permitted; and refers to the case of *Boone* v. *Shackleford*, 4 Bibb, 67, to sustain him. In that case the plea was, that the bond was voluntary; and the replication simply replied the negative, that it was not voluntary: that replication was held to be sufficient. The plaintiff in error, however, admits that the plea and replication in that case are not directly in point, but relies on the reasoning of the Court. We have carefully examined that case, and find the argument of the Court to be simply this,—that the party is not, under such a plea, bound to specially reply the special consideration for which the bond was made, but may, if he choose, simply deny the allegations of the plea. This we apprehend is correct. The question in all these cases is, has the replication tendered

a direct and material issue to any of the substantive and material allegations of the plea? If this has been done, the replication is generally good.

In the above case of *Boone* v. *Shackleford*, the plea admitted the making of the bond, and admitted that the obligor was bound, if there were any consideration to sustain it, and averred that there was no consideration, but that it was purely voluntary. If this plea did not contain the truth, as to the consideration for which the bond was given, the right of the plaintiff to recover was confessed. The replication denied the truth of the plea, and put the proper and material fact in issue, and was therefore sufficient.

The plea in this case is very different. It specially shows, that the consideration of the notes was the sale and conveyance to the obligor of a certain patent right, &c. averring a total failure of that consideration, by reason of the vendor's not being the owner of the patent, and not having power and authority to sell and convey, &c. This plea might have been replied to by denying that the notes were given for the consideration alleged in the plea, &c.; or by denying that the consideration had failed in manner and form, &c.; but this is not done. The replication before us neither denies nor affirms either allegation. It is left entirely uncertain, whether the plaintiff intended to deny that the notes were given for the consideration stated in the plea, or whether he intended to deny that the consideration had failed, &c. This replication, if taken in one sense, is an affirmative pregnant with a negative, and if taken in another sense, it is a negative pregnant with an affirmative. It is uncertain and clearly insufficient. The demurrer is special and must prevail.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

J. *Rariden*, for the plaintiff.

J. *Perry* and M. M. *Ray*, for the defendant.