Nov. Term,
1851.

FOWLER
v.
SWIFT.

*D. D. Pratt*, for the plaintiff.

---

FOWLER *v.* SWIFT.

In a suit upon a note given for the transfer of an interest in a patent, the questions whether a fraud was practiced or a warranty made at the time of the transfer, and, if either was done, what was the value of the right transferred, are for the decision of the jury; and their verdict will not be set aside where it is not clearly shown to be unauthorized by the evidence.

*Thursday,*
*December 4.*

APPEAL from the *St. Joseph* Circuit Court.

PERKINS, J.—Debt upon a promissory note by *Jason Swift*, the payee, against *Fowler* and *Garrison*, the makers.   There was a return of not found, and a suggestion accordingly, as to *Garrison*.   The general issue was pleaded by *Fowler*.   The cause was tried by a jury and the plaintiff had a verdict and judgment.   The Court refused a new trial. The cause is here upon the evidence.

The plaintiff introduced his note as follows, and rested:

"$125.00.   One year from date, for value received, we promise to pay *Jason Swift*, or bearer, one hundred and twenty-five dollars, waiving all appraisement and stay laws; dated *South Bend, July* 16, 1849.   *John Fowler, Lewis Garrison*."

The defendant proved that the note was given for a part of the consideration of the transfer, on the 23d of

*October*, 1849, to said *Fowler* and *Garrison*, by said *Swift*, of the exclusive right to make, use, and sell, in *Laporte* county, *Indiana, Harkness's* patent grain-rake; and sought to establish a want or failure of consideration, and fraud, in the sale.

It was proved that on the 16th of *July*, 1849, *Swift* sold to one *Rose* the right to sell twenty of said rakes in *Laporte* county. *Rose* testified that the year previous he purchased one of the rakes and used it. It worked well; was easily worked by a boy sixteen years old; one hand with the rake could keep up with a cradler. The next year it did not do as well, straw was so short; it would not do clean work where straw was short; the rakes are made at a cost of one dallar apiece and sold at three dollars apiece.

*Welch* had made three rakes, under the patent, for defendant; had seen them operate; when the grain was of the right length they worked well; had peddled the rakes, sold eleven, and did not make much over expenses; in short straw they were unprofitable, but in a common season they would do pretty well; all who purchased, whose wheat was the ordinary height, were well satisfied with the rake.

*Murphy* was present when plaintiff sold the right to *Fowler* and *Garrison*. Plaintiff told them that these rakes would save one-third of the labor, and work a great deal faster than the common rake; that a boy, from twelve to fourteen years old, could, with one of them, keep up with a cradler; had seen one of these rakes that worked well, and others that did not—would not, if straw was too short or too long.

*Tutt* says the rake will do well on smooth ground, not on rough. His farm is rough; hands preferred the common rake, and did cleaner work with it; one good hand with the common rake will keep up with a cradler.

*Norton* had tried to sell the rakes, but nobody would buy.

*Shank* had seen these rakes operate. They wasted more grain than the common rake.

The rakes are made to work on wheels two and a half feet in diameter, with axletrees five feet long.

On this evidence, after argument of counsel, and under instructions from the Court, not objected to and not upon the record, the jury found a verdict for the plaintiff of 95 dollars debt, and 1 dollar and 20 cents damages; and the Court below refused a new trial and gave judgment accordingly.

The questions, whether there was fraud, or a warranty, in the sale of the right in question, and, if either, what was the value of the right sold, were for the jury on the trial; and, we think, upon the evidence, we cannot say that the Court below erred in refusing to set aside their verdict. See *Hardesty* v. *Smith*, at the present term of this Court (1), and *Kernodle* v. *Hunt*, 4 Blackf. 57 (2).

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

*J. A. Liston*, for the appellant.

*J. L. Jernegan*, for the appellee.

(1) *Ante*, p. 39.

(2) The term " useful," as applied in the patent act, is used merely in contradistinction to what is frivolous or mischievous to society; and it is satisfied if the alleged invention is *capable of use* and is not injurious to the well-being, good policy, or sound morals of society. *Lowell* v. *Lewis*, 1 Mason, 186.—*Bedford* v. *Hunt*, Id. 303.—*Kneass* v. *Schuylkill Bank*, 4 Wash. 9, 12.