Nov. Term, 1856.

McClure
v.
Jeffrey.

---

McClure *v.* Jeffrey.

Suit on a promissory note. Answer in five paragraphs, in substance as follows: The first paragraph alleges that the note was given in part consideration of two deeds for an alleged new and useful improvement in force pumps, for which letters patent had been granted to the plaintiff; that the pretended improvement consists in the piston being so constructed as to keep itself packed with water; and that the plain-

Nov. Term,
1856.
─────
McCLURE
v.
JEFFREY.

tiff warranted the invention to be an improvement, when, in fact, it is not an improvement in force pumps, but is wholly worthless. The second, admits the consideration of the note, and that the patent was obtained, stating wherein the improvement is alleged to consist; and after stating that the plaintiff warranted the supposed improvement to be new and useful, averring that it is not a new and useful invention, but that the pump will work as well without it as with it. The third, after admitting and stating as in the second, charges that the plaintiff falsely and fraudulently represented, &c. The fourth avers that the patent and specifications do not describe the pump in use so that it may be shown in what the improvement consists. The fifth asserts that the plaintiff warranted the alleged invention to be a great improvement, &c.; that the pumps would draw water, &c., and at the same time throw a stream, &c.; that they could be worked by one man; that they would seldom need repairs; that they were good fire engines; when in truth the pump failed in every particular warranted, &c. Demurrers sustained to the first four paragraphs. Issue on the fifth. *Held*, that the demurrer to the first paragraph was correctly sustained; but that the demurrers to the second, third and fourth paragraphs, should have been overruled.

Where a contract of sale has been consummated by writing, the presumption is that the writing contains the whole contract.

All oral negotiations, or stipulations between the parties, which preceded or accompanied the execution of the instrument, must be regarded as merged in it, and the latter must be treated as the exclusive medium of ascertaining the agreement to which the contractors bound themselves.

Where a warranty is not contained in a written contract, it cannot be proved by parol evidence, unless, in addition to the averment that there was such warranty, there be an allegation that it was false or fraudulent, and that the vendee was deceived thereby,—and even then, parol proof is only evidence of a representation.


APPEAL from the *Bartholomew* Circuit Court.

DAVISON, J.—*Jeffrey* sued *McClure* upon a promissory note for the payment of 1,000 dollars. The defendant's answer to the complaint is as follows: 1. That the note was given in part consideration of two deeds made by *Jeffrey* to *McClure*, whereby he conveyed to him the right to make, use and vend, an alleged new and useful improvement in force pumps, for which letters patent had been granted to *Jeffrey;* that the pretended improvement consists alone in the piston of the pump being so constructed as to keep itself packed with water, and was so patented; and that *Jeffrey* warranted said inven-

Nov. Term,
1856.

McClure
v.
Jeffrey.

tion to be an improvement, when it was not an improvement in force-pumps, but is wholly worthless.  2. The second paragraph admits the consideration of the note, and that a patent was obtained; sets out that in which the improvement is alleged to consist; and, after stating that *Jeffrey* warranted said supposed improvement to be new and useful, avers that it is not a new and useful invention, and that the pump will perform, in all respects, as well without as with it.  3. The third, after admitting, setting out, and stating as in the above paragraph, alleges that *Jeffrey*, to induce *McClure* to accept the deeds and make the notes, and whereby he did induce him to do so, falsely and fraudulently represented that the pretended invention was an improvement in force-pumps, and a new and useful invention, when in fact it was neither, but is wholly worthless.  4. That the patent and specifications do not describe the pump in use, so that it may be known in what the improvement consists.  5. That *Jeffrey* warranted the alleged invention to be a great improvement in force-pumps; that the pumps would draw water from a depth of fifteen feet, and at the same time throw a stream of water thirty feet high, and work with the greatest ease by one man; that they would rarely need repairs, and were good fire engines; when, in truth, the pump failed in every particular warranted, and is wholly useless.  Demurrers were sustained to the first four paragraphs.  To the fifth there was a reply making an issue of fact.  Verdict for the plaintiff.  New trial refused, and judgment.  The first paragraph is obviously defective, because it does not aver that that in which the improvement is alleged to consist, viz., "in the piston of the pump being so constructed as to keep itself packed with water," was not an improvement in force-pumps.  It was insufficient to allege generally, that the invention "was not an improvement in force-pumps."  To this paragraph the demurrer was well taken.

The second and third defenses are each subject to the same rule of decision.  Under the patent laws of the

*United States*, the thing alleged to have been patented must be a new invention, not known or used before the application for a patent, otherwise, the patent itself is invalid. Curtis on Patents, ss. 1–66.—*Earl* v. *Sawyer*, 4 Mason, 6. And it has been decided that, in an action upon a note given for a patent right, the plaintiff cannot recover if it appear that the invention for which the patent was granted was not new and useful, although both parties acted in good faith in giving and receiving the note. *Geiger* v. *Cook*, 3 Watts and Serg. 266. This seems to be a correct exposition of the law. And the defenses under consideration contain that which amounts to an express warranty by the vendor of the patent, that the invention was new and useful,—with an averment that it is neither.

*Kernodle* v. *Hunt*, 4 Blackf. 57, is relied on in support of the demurrers. That case, however, is not strictly applicable. There, the reasoning of the Court relates exclusively to averments in pleas, neither of which made any point as to the novelty of the invention; nor did the defenses then before the Court, in any respect question the validity of the patent. *Mullikin* v. *Latchem*, 7 Blackf., is also cited; but the same distinction plainly exists between that case and the one at bar.

The next inquiry relates to the validity of the third paragraph. That defense assumes the ground, that the patent and specifications do not describe the pump in use so that it may be known in what the improvement consists. The demurrer admits this to be true, and being so, the patent cannot be sustained. The statute requires the patentee to give a written description of his invention or discovery. This involves the necessity, in all cases where the patentee makes use of what is old, of distinguishing what is old and what is new. Curtis on Patents, s. 151. Justice *Story* says, "If the description in the patent mixes up the old and the new, and does not distinctly ascertain for which in particular the patent is claimed, it must be void; since if it covers the whole, it covers too much, and if not intended to cover the

whole, it is impossible for the Court to say what particular is covered as a new invention." *Lowell* v. *Lewis*, 1 Mason, 182, 447. *Cross* v. *Huntly*, 13 Wend. 385, decides that a patent for an improvement in a machine must describe the machine in use of which it is an improvement, so that it may be known in what that improvement consists; and a note given for a patent defective in that respect, is void for want of consideration. We are of opinion that the second, third, and fourth paragraphs each contain facts sufficient to bar the action. The demurrers to them should, therefore, have been overruled.

In the record, there is a bill of exceptions wherein it is shown that upon the trial the defendant offered to prove "that the plaintiff, when he assigned the patent, by parol warranty warranted to the defendant," as alleged in the fifth defense. The Court refused to admit the proof. As a general rule, where the contract of sale has been consummated by writing, the presumption is, the writing contains the whole contract. *Van Ostend* v. *Reed*, 1 Wend. 424. Here, the contract stated in the defense is an entire contract, the whole of which is to be considered as included in the deeds and note. The rule is, that all oral negotiations or stipulations between the parties, which preceded or accompanied the execution of the instrument, are to be regarded as merged in it, and that the latter is to be treated as the exclusive medium of ascertaining the agreement to which the contractors bound themselves. *Cowen* and *Hill's* notes to Phil. Ev. part 2, p. 594. Where the warranty is not contained in the written contract, it cannot be proved by parol evidence, unless, in addition to the averment that there was such warranty, there be an allegation that it was false or fraudulent, and that thereby the vendee was deceived. And in such case, parol proof is only evidence of a representation. *Salem India Rubber Company* v. *Adams*, 23 Pick. 256. In the fifth defense there is no averment of fraud. The evidence was therefore properly refused. But the demurrers to the second,

third and fourth paragraphs having been incorrectly sustained, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Herod* and *S. Stansifer,* for the appellant.

*W. Singleton* and *R. Hill,* for the appellee.