Clough *v.* Patrick.

---

---

MOSES T. CLOUGH *v.* WILLIAM K. PATRICK.

*Promissory Note.   Deposition.*

The utter worthlessness of a patent right on account of a defect in the principle of its construction, will constitute a full defence to a note given for the purchase price, between the original parties thereto, notwithstanding the patent may have been legal.

The words "in the course of business" appearing in the depositions in this case, held to be but an expression by the witness of his judgment of the legal result of facts which he had specifically stated, and were properly erased by the court.

The defendant's counsel objected to the depositions that they were guarded and avoided details, which indicated a contrived plan to get the notes into the hands of a third party for collection.   In regard to this the court told the jury that if they found the depositions subject to this objection, it was a matter that they might take into consideration in weighing the testimony of these witnesses— that the whole question as to the truth of the depositions was for the jury. *Held*, that the court was authorized in so instructing the jury.

Clough v. Patrick.

ASSUMPSIT, brought to recover the payment of a note given by the defendant to one S. S. Stone for one hundred dollars, dated 2d February, 1859, payable to said Stone or bearer, in twelve months from date, at the Farmers & Mechanics' Bank in Burlington. Plea, the general issue, and trial by jury, April Term, 1864, PIERPOINT, J., presiding.

The plaintiff's evidence, being the depositions hereinafter mentioned, tended to show that the note was sold by Stone to one Marcus Ball, and by Ball to the plaintiff; that both transfers of said note were made for a valuable consideration, before the maturity of the note, and without any knowledge on the part of either of the parties to such transfers, of any failure of consideration in the note, or of any claim on the part of the maker of the note of a want of consideration, or of any intention on the part of the maker to resist its payment.

The plaintiff introduced the depositions of Stone, Ball and the plaintiff, which, with the note, constituted all the evidence on the part of the plaintiff relating to the sale of the note, in each of which depositions the several deponents used the words "*in the course of business*," referring to the transfers of the note, which words were erased by direction of the court, before the depositions were read to the jury.

The deposition of Clough stated " that the said note was transferred to him by Marcus Ball, of the city of Troy, before the maturity thereof, and before due ; that he received the same in the course of business without any knowledge or notice of any claim or defence whatever against the same, and that the said note is still due and unpaid, and that deponent never heard of any defence or pretended defence until a long time after he had become the owner of said note."

Those of Stone and Ball were in the same general terms, without giving facts or circumstances.

It appeared from the evidence introduced by the defendant, that the sole consideration for which said note was given, was the conveyance by Stone to the defendant, by deed, of the right to manufacture in the county of Chittenden, Rogers' patent mowing machine, for which Stone claimed to have a patent ; that neither the machines

nor the patterns were present at the time of the sale. The defendant's evidence tended to show that the defendant purchased the right relying entirely on the representations of Stone in regard to its character and value ; that Stone represented that the invention had been thoroughly tested in the western part of New York for three years ; that it was completely successful, and was rapidly superseding all other mowers ; that it was the best mower in use, and possessed great advantages over others for manufacture and use, which he detailed. The defendant's evidence further tended to show that said representations were entirely false ; that said patented invention was utterly worthless and could not be made to work as a mowing machine at all ; that the defect was in the principle of its construction, and that no machine could be constructed on that principle or in the manner contemplated in the patent, that could be made to mow, or to last but a very short time in the attempt to mow, without breaking, and that all attempts to manufacture machines under said patent had been abandoned. No evidence was given on either side as to the validity of the patent.

The plaintiff requested the court to charge the jury that unless they found the patent right invalid, the worthlessness of the machine patented would work no failure of consideration in this note ; and also to charge the jury that it was incumbent on the defendant to prove the transfer of the note illegal, and that the plaintiff was not an innocent holder thereof, which the court refused to do.

The court charged the jury, among other things, that if the jury found from the evidence in the case that the patent right was of no value, from the worthlessness of the machine patented, in the respect which the defendant's evidence tended to show, that would constitute a perfect defence to the note as in favor of Stone, notwithstanding the patent may have been a legal one.

That unless the jury found that Ball purchased the note before maturity in good faith, and paid a valuable consideration therefor, without notice or knowledge of the defence aforesaid on the part of the maker, so that he could recover thereon in his own name—then to entitle the plaintiff to recover in this case, the jury must find that the plaintiff himself purchased the note of Ball in good faith, without notice of any such defence on the part of the maker.

That if the depositions referred to were true they entitle the plaintiff to recover,—but it was claimed by the defendant's counsel that the depositions were guarded—that the deponents swore to only enough to make out their case, and avoided all details, which indicated a contrived plan to get the notes into the hands of a third party for the purposes of collection.   In regard to this the court told the jury that if they found the depositions subject to this objection made to them in this respect, it was a matter that they might take into consideration in weighing the testimony of these witnesses; that the whole question as to the truth of the depositions was for the jury.

To the said ruling of the court as to the exclusion and admission of testimony, and the refusal to charge as requested, and the charge as given, the plaintiff excepted.

Daniel Roberts, for the plaintiff.

I.   This was a case of a patent right, the validity of which was not questioned, which was duly assigned to the defendant.   This was the consideration for the note, viz: the investiture of the defendant with this title to the patent.

There was no want of consideration, for the purchaser got all he bargained for, viz: a title; nor a failure of consideration, for nothing new has occurred to defeat the title purchased, or to affect the character of the original consideration.   See Barnum v. Barnum, 8 Ct. 469; Earl of March v. Pigott, 5 Burr. 2802.

If the consideration be the sale of a patent right, and the patent be avoided, this may be a defence, for the title fails.   Parrot v. Farnsworth, Brayt. 174; Kernoble v. Hunt, 4 Backf. Ind. 57.   But see Taylor v. Hare, 1 New. 260.

But that it is merely worthless is no defence: Williams v. Hicks, 2 Vt. 36; Kernoble v. Hunt, supra; Bond v. Clark, 35 Vt. 577; Sawyer v. Vaughan, 25 Maine, 337.

II.   The court erred in striking out from the several depositions the words, "in the course of business."

III.   The reference to the character of the depositions was not warranted, and was calculated to prejudice the jury against their truth.   Quesenbury v. Quesenbury, 14 B. Mon. 481; 17 U. S. Dig. 363, pl. 63; State v. McDonnell, 32 Vt. 534; Benham v. Cary, 11 Wend. 83.

Clough *v.* Patrick.

If this court can see that the verdict was clearly against evidence, so that it was subject to be set aside, upon motion for that cause, it must be regarded as error in the court that his instructions induced such a verdict: *Hoyt* v. *Stevens*, 28 Conn. 538; 3 Graham & Waterman, New Trials, 767; *Newton* v. *Pope*, 1 Cowen, 109; `Lomer` v. *Meeker*, 25 N. Y. 361; *Dolson* v. *Arnold*, 10 How. Pr. 528.

An opinion upon the facts which is not warranted by the evidence is a misdirection of the judge: *Davidson* v. *Stanley*, 3 Scott, 49.

*E. J. Phelps*, for the defendant.

I. The defendant's evidence showed an entire failure of consideration, and the charge of the court on that point was correct. The rule on this subject is the same in the case of a patent right, as in that of any other property: *Cragin* v. *Fowler*, 34 Vt. 326.

II. The charge as to the right of the plaintiff to recover as a *bona fide* indorsee, was more favorable to the plaintiff than is warranted by law. The defendant having impeached the note as against the original holder, the burden was on the plaintiff to show that he held it under such circumstances as to entitle him to recover, though the payee could not: *Sanford* v. *Norton*, 14 Vt. 233; *Roth & Co.* v. *Colvin, Allen & Co.*, 32 Vt. 126.

III. The observations of the court on the evidence were eminently proper, and were called for by the case.

But whether so or not, they were within the discretion of the judge, and are not open to exception, where no error of law intervenes.

IV. The words "*in the course of business*" were properly erased from the depositions.

1. If they are understood as having no technical meaning, but simply as a statement that the transfer of the note occurred in the course of human events, or in the progress of *some* business, they are of no importance whatever.

2. But if intended to mean that "*due course of business*," understood in legal parlance as expressing the peculiar circumstances which give the indorsee a right of recovery not possessed by his indorser, then the witness was swearing to a conclusion of law, without stating the facts on which it was based.

Clough *v.* Patrick.

Barrett, J.   The note in suit was given upon and for the purchase "of the right to manufacture in the county of Chittenden, Rogers' patent mowing machine," for which the payee claimed to have a patent.

The defendant's evidence tended to show that said patented invention was utterly worthless, and could not be made to work as a mowing machine at all; that the defect was in the principle of its construction, &c.

Stone sold the right and took the note, payable to himself or bearer twelve months from date.   Clough sues it, claiming to hold it by legitimate transfer from Stone to Ball, and from Ball to himself, while current, and for sufficient consideration, and without notice of defect or defence on the score of consideration.   The defence is total want of consideration.

The court charged the jury, that, if "the patent right was of no value from the worthlessness of the machine patented, in the respect which the defendant's evidence tended to show, that would constitute a perfect defence as to Stone, notwithstanding the patent may have been a legal one.

We think this was correct, upon common and well settled principles, and in conformity with the doctrine assumed and enunciated in *Cragin* v. *Fowler et al.,* 34 Vt.

The *patented right* was the consideration for the note.   The defendant's evidence tended to show that that was utterly worthless,— because the invention could not be made to work as a mowing machine at all; that the defect was in the principle of construction, &c. The very thing purchased was utterly worthless.

The expression, "notwithstanding the patent may have been a legal one," we understand to mean no more than that the letters patent were authentic and not vacated.   For we understand that, though such worthlessness of the patented invention as the evidence tended to show, would be a ground for holding the patent invalid, still it does not necessarily imply that any intrinsic defect inheres to the letters patent themselves—and until vacated, their invalidity for this cause can be asserted only by persons against whom they are sought to be enforced, and for cause shown *aliunde* the letters themselves,

This was not the case of the purchase of a chance or hazard, like some of the cases cited in the argument, but the purchase of an existing right. If that was utterly worthless, then, of course, it could not constitute a valuable consideration. So far as the question of consideration is concerned, it would be immaterial whether the defence of failure was put upon the ground that no right existed under the letters patent, on account of the worthlessness of the invention, or that the right itself was utterly worthless.

The cases cited— *Williams* v. *Hicks,* 2 Vt. 36 ; *Kernoble* v. *Hunt,* 4 Blackf. 57 ; *Taylor* v. *Hall,* 1 New. 260 ;—we do not regard as in conflict with what we here hold.

In the first of said cases, the question decided was, as to the propriety of the charge upon that part of the defendant's evidence that tended to show "that the patent was useless, and of no value and a vile cheat," the court telling the jury that, if they found the patent to be of no value, or that the discovery was no improvement, or a much less improvement than was represented when the contract was made, then the jury were to inquire whether the defendant was defrauded into the making of the contract, and if so, they should deduct so much from what was due on the note, as the defendant had been injured by said fraud.

It involved, not the question whether total failure of consideration would constitute a defence to the note,—nor whether the utter worthlessness of the patent right would constitute such total failure, but merely whether a fraud, involving a partial failure of consideration, could be a defence under the general issue.

If the county court had confined their instructions to the point, that the patent was of no value, and the supreme court had held the instructions erroneous, for the reason that that would constitute no defence to the note, that case and decision would have borne upon this. But, when the county court proceeded to tell the jury that, if the improvement was *much less* than was represented, they would make a proportionate deduction from the amount of the note, a decision that such charge was erroneous does not involve, or imply that total want of value in the patent right would not constitute a defence on the ground of a total failure of consideration. The remarks of the judge outside of the point in question have not the

force of authority, however explicit and decisive they may be ; but in that case, when taken in connection with the question before the court, we do not regard those remarks as indicating any opinion upon the subject of a total want of value, as constituting a defence. The reference of Judge PADDOCK to the case of *Taylor* v. *Hall*, 1 New Rep. 260, has some tendency to show the view in which his remarks were made. That case did not involve any question as to the total failure of consideration. The plaintiff had contracted to pay a stipulated sum annually for the use of a patent right for a given number of years. He proceeded and used it for several years, and paid annually the specified rent. Before the expiration of the full period, it was discovered that the patentee was not the original inventor. He thereupon brought a suit to recover back what he had paid. The letters patent had not been vacated. No claim was made that the invention was not useful, or that its use had not been valuable to the plaintiff, or that there was any fraud involved. The court held that the plaintiff was not entitled to recover back what he had paid for the use that he had enjoyed.

As to the case of *Kernoble* v. *Hunt*, 4 Blackf. 57, it is plain that the judge was mainly occupied with the technical sufficiency of the pleas, and especially of the third plea, as setting forth a warranty made, or a deceit practiced by the plaintiff in his representations as to the patent in question being a good, useful and valuable improvement for grinding corn and other grain. That the court did not regard the *third* plea as presenting the subject of the total failure of consideration as a defence, is apparent from the language of the opinion, viz : " that no defects or insufficiencies, either in title or anything else connected with the consideration, are complained of ; there is no charge that anything was concealed from his knowledge in any way. The complaint is that the vendor represented it to be useful and valuable when it was not, and that he, confiding in that representation, purchased. These allegations are insufficient ; no material issue can be made upon them ; what one man may esteem very valuable another may deem worth nothing."

Without undertaking to criticise the soundness or cogency of the ideas and processes of the learned judge, touching the technical sufficiency of that plea, it seems plain that the idea did not enter his

mind, that the defence presented by said plea was a total failure of consideration.

As to the erasure of the words "in the course of business": Aside from that expression, the depositions do not show any business relation or transaction between Stone and Ball, or between Ball and Clough, except this one of the transfer of the note in suit. Each in his deposition tells what that transaction was. Does the erased-expression state any additional or modifying fact entering into or affecting the transaction of transfer? In the opinion of a majority of the court, it does not ;—that, in the mercantile law, with reference to the legal character of the transfer of negotiable paper, that expression is a mere formulary for stating a conclusion of law upon certain facts which, in the given case, may be shown to exist,—to the effect that the transfer was made while the paper was current, for a sufficient consideration moving between the parties, and *bona fide*. Often it becomes necessary to know just what was done, and when it was done, and under what circumstances, in order to determine whether the transfer was so made.

In this case the deponents stated specifically certain facts, and all that is shown in the case as constituting what is meant in the law by the expression, "the course of business,"—so that, superadding to the statement of those facts that expression neither adds, nor implies the existence of any other fact. It was expressing by the witness his judgment of the legal result of the facts which he had specifically stated. Wherefore a majority of the court think the expression was properly erased.

The remaining question is as to the propriety of the remarks of the judge to the jury touching the character of the evidence introduced by the plaintiff, and their province in considering it.

We understand the law of this state to be, that, when the legal validity of a negotiable note, as between payee and maker, is impeached, it is incumbent on a subsequent holder to show that he came by it in such a way as to give him the character of a *bona fide* holder for value. The plaintiff occupied that position in this case; and, for the purpose of maintaining his right in this respect, he gave in evidence the three depositions; and they were all the evidence he had except the note itself in his possession.

Clough *v.* Patrick.

As a general rule, both the substance and manner of a party's evidence is a fair subject of comment by counsel on either side, both as to its tendency as evidence, and as to the weight to be given to it by the jury ; and that, in these respects, it is to be taken and considered in its relation to the other evidence in the case.    In this case the defendant had given evidence tending to show a gross imposition and cheat practiced upon him by Stone, by which Stone had procured from him this note.    It turned up in the hands of Clough as holder and claimant.    It was sued by him, and stood for defence.    Clough knew that he must maintain his title and right.    He produced these depositions wherewith to do it ; and it seems to us that when examined and considered in connection, and in reference to the other evidence in the case, they suggested and justified the criticism which counsel made upon them ; and we think it was proper for the court to submit them to the consideration of the jury in the light of that criticism, as bearing upon the credit and weight to be given to the testimony contained in them.    It was not giving loose rein to the jury, and permitting them to wander in improper fields, as counsel characterize it, but appropriately directing their attention to a striking feature of the plaintiff's evidence, and submitting it to their consideration as bearing upon the truth and weight of the testimony.

What has already been said, as to the erasure made in the depositions, applies to the complaint of the impropriety of holding them subject to that criticism and consideration, after being thus erased.    And we add, that the depositions, with that expression out, seem to us to stand for a more favorable consideration than with it in.    We grant that, if that expression rendered the depositions any the less guarded, or supplied any detail of the transaction of the transfer of the note, or presented any fact affecting the plaintiff's right to maintain his suit, it would be improper either to erase it, or, after such erasure, to permit the depositions to be criticised and considered as they were.

The judgment is affirmed.