## JOHNSON *v.* McCABE ET AL.

PROMISSORY NOTE.—*Pleading.*—*No Consideration.*—In a suit on a promissory note, by an assignee against the maker, an answer that the note was executed without any consideration is good.

SAME.—*Patent Right.*—*False Representation.*—In such an action, an answer that the note was given for a patent right, and that the vendor, the payee, represented that the invention was a new and useful one, and the purchaser, the maker, ignorant as to the truth, made the purchase, relying on said representations, and that the same were false, is a good defence.

SAME.—*Written Contract.*—*Parol Evidence.*—Where a contract of purchase is reduced to writing, and contains no warranty, one cannot be proved by parol.

APPEAL from the Ripley Circuit Court.

BUSKIRK, J.—This was an action by the appellant on a promissory note executed by the appellees, payable to George P. Tyler, who assigned the same to the appellant.

The appellees answered in nine paragraphs. The appellant demurred separately to each paragraph. The demurrer was sustained to the first and eighth paragraphs, and overruled as to the others. The appellant excepted to the overruling of the demurrers. The appellant replied in two paragraphs. The first was the general denial; the second set up new facts tending to show that Hamilton, one of the appellees, was estopped from making any defence to the action. The cause was tried by a jury, and resulted in a finding for all the defendants. The court overruled a motion for a new trial, and rendered a final judgment on the verdict.

The appellant has assigned and relies upon two errors for the reversal of the judgment.

The first is, that the court erred in overruling the demurrer to the second, third, fourth, fifth, seventh, and ninth paragraphs of the answer. The second is, that the court erred in overruling the motion for a new trial.

The first error involves the correctness of the action of the court in overruling the demurrer to the several paragraphs of the answer as above set out.

The answers are very lengthy, entirely too much so to

copy them into this opinion.   We will try to abbreviate them, so that much space can be saved, and the point decided can be understood.

The second paragraph admits the execution of the note sued on, but avers that the same was executed by Squire L. McCabe as principal, and by the other makers as his securities; that the note was given for and in consideration of the right of making, using, and vending to others to use, in the State of Wisconsin, Griswold's patent fanning mill; that the purchaser was young and inexperienced in such matters, and resided in Ripley county, Indiana, and was wholly unacquainted in the State of Wisconsin; that the said George P. Tyler, for the purpose of inducing the said purchaser to make such purchase, made certain false and fraudulent representations and warranties in reference to the said mill, and what it would do and perform, and which are set out with great detail and particularity; that the said purchaser, being ignorant of such matters, relied upon the said representations as true, and made the said purchase, and the breaches of the said warranties are set out with great minuteness.

It does not appear that any deed was executed, or written contract entered into between the parties, other than the note.   The facts alleged in this paragraph of the answer make a good plea of fraud, and the court committed no error in overruling the demurrer.

The third paragraph alleged that the note was executed without any consideration.   The answer was clearly good.

The fourth, fifth, sixth, and ninth paragraphs were in substance the same.   Each set out the consideration of the note as in the second paragraph.   In each it was alleged that Tyler, the vendor of the patent right, represented that the invention was a new and useful one; that the purchaser was ignorant of the truth of such representation, but in reliance upon the same as true, made the purchase; and it was alleged and averred in each paragraph that it was not a new and useful invention, but was worthless.   The ninth, in addition to the above allegations, also contained averments of warranties

by Tyler as to what the mill would do, and the breaches thereof.

The appellant relies upon the case of *Kernodle* v. *Hunt*, 4 Blackf. 57, to show that the above answers constituted no defence to the action. The above case is not strictly applicable, for the reason that it was not averred in the answers that the invention was not new and useful; while in this case it is expressly averred that Tyler represented the invention to be a new and useful one.

This case seems to come clearly within the principle of law laid down by this court in *McClure* v. *Jeffrey*, 8 Ind. 79, which was an action upon a promissory note which had been given for a patent right, and where the defendant pleaded in bar of the action that the vendor had represented and warranted that the invention was a new and useful one, when, in fact, it was not a new and useful improvement. The court say:

"Under the patent laws of the United States, the thing alleged to have been patented must be a new invention, not known or used before the application for a patent; otherwise, the patent itself is invalid. Curtis on Patents, secs. 1, 66; *Earle* v. *Sawyer*, 4 Mason, 6. And it has been decided that, in an action upon a note given for a patent right, the plaintiff cannot recover if it appear that the invention for which the patent was granted was not new and useful, although both parties acted in good faith in giving and receiving the note. *Geiger* v. *Cook*, 3 Watts and Serg. 266. This seems to be a correct exposition of the law. And the defences under consideration contain that which amounts to an express warranty by the vendor of the patent, that the invention was new and useful, with an averment that it is neither."

By section one of the act of 1793 (re-enacted by section six of the act of July 4th, 1836), it is provided, "that any person or persons having discovered or invented any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvement on any art, machine, manufacture, or composition of matter, not known or used by others

before his or their discovery or invention thereof, and not, at the time of his application for a patent, in public use or on sale, with his consent or allowance, as the inventor or discoverer, and shall desire to obtain an exclusive property therein, may make application in writing," etc.

The above section of the act of Congress provides for two classes of inventions. The first is, where the art, machine, manufacture, or composition of matter is entirely new. The second is where there is an improvement upon such art, machine, manufacture, or composition of matter. But in both cases the invention must be new and useful.

In *Ransom* v. *Mayor, etc., of N. Y.*, 1 Fisher Patent Cas. 251, the court instructed the jury as follows: "You will have observed, gentlemen, that it is required that there should be an invention, that the invention should be new, and that it should be useful. In other words, before a patent can be issued, the thing patented must appear to be of such a character, as to involve or require 'invention' for its production, require the exercise of the genius of an inventor as contradistinguished from the ordinary skill of a mechanic in construction. It must also be new. The party applying for the patent must be the first and the original inventor, and it must also be of such a character as to be capable of application to the advantage and benefit of mankind."

As to the character of the novelty, and the degree of utility required to render a patent valid, under the act of Congress, we refer to the following adjudged cases: *Many* v. *Sizer*, 1 Fisher Patent Cas. 17; *Winans* v. *New York and Erie Railroad Company, id.* 213; *Sickles* v. *Gloucester Manufacturing Company, id.* 222; *Wintermute* v. *Redington, id.* 239; *Page* v. *Ferry, id.* 298; *Johnson* v. *Root, id.* 351; *Bell* v. *Daniels, id.* 372; *Vance* v. *Campbell, id.* 483; *Hays* v. *Sulsor, id.* 532; *Judson* v. *Moore, id.* 544; *Singer* v. *Walmsley, id.* 558; *Judson* v. *Cope, id.* 615; *Pitts* v. *Wemple*, 2 Fisher Patent Cas. 10; *Poppenhusen* v. *New York Gutta Percha Comb Company, id.* 62; *Eames* v. *Cook, id.* 146; *Cox* v. *Griggs, id.* 174; *Tilghman* v. *Werk, id.* 229; *Magic Ruffle Company* v.

*Douglas, id.* 330; *Wayne* v. *Holmes, id.* 20; *Hussey* v. *Whitely, id.* 120; *Tompkins* v. *Gage, id.* 577; *Hoffheins* v. *Brandt,* 3 Fisher Patent Cas. 218; *Crompton* v. *Belknap Mills, id.* 536; *Potter* v. *Whitney, id.* 77; *Turrill* v. *Illinois Central Railroad, id.* 330; *Blandy* v. *Griffith, id.* 609; *Sayles,* v. *Hapgood, id.* 632.

We are of the opinion that the fourth, fifth, sixth, and ninth paragraphs of the answer were good, and that the court committed no error in overruling the demurrer to them.

We are next required to determine whether the court erred in overruling the demurrer to the seventh paragraph of the answer. The seventh paragraph alleged, in substance, that Squire L. McCabe was the principal in the note sued on, and that the other defendants were his sureties; that the note was executed for and in consideration of the sale, by Tyler, to the principal in said note, of Griswold's patent fanning mill, and the right to sell the mill, and the patent right in the State of Wisconsin; that the said Tyler executed to him a deed for the said patent right, a copy of which was filed with and made a part of the answer; that the said Tyler, for the purpose of inducing him to enter into and make such contract, falsely and fraudulently warranted that said mill would clean grass seed from chaff or grain, of any and all kinds, perfectly, the first time running the same through said mill; and it was averred that the separators would not clean grass seed from chaff, and grain of any and all kinds, the first time running the same through said mill, or at all without first cleaning the grass seed by some other means, and then mixing it with grain prepared on purpose; and that said McCabe relied on said warranty, and was induced to make said contract and execute the said note.

The purpose of the pleader, in the preparation of the above paragraph, was to show that Tyler had warranted that the mill would clean grass seed from chaff or grain, and to recover damages for a breach of such warranty. It was not intended to set up false and fraudulent representations, that would vitiate the entire contract. The allegations in the pleading amount to a warranty, founded upon an express

contract. The contract between the parties was reduced to writing, and consisted of the deed by Tyler and the note by the appellees.

There is no warranty in the deed, or condition in the note. Was it competent for the appellees to allege and prove a parol warranty? We think it was not. The law is well settled. An eminent law writer states the law thus: "No warranty can be implied from circumstances, if there be an express refusal to warrant. And where the contract of sale is in writing, and contains no warranty, there parol evidence is not admissible to add a warranty. And if there be a warranty in writing, it cannot be enlarged or varied by parol evidence." 1 Parsons Con. 589.

It was held by this court in *McClure* v. *Jeffrey*, 8 Ind. 79, that, "as a general rule, where the contract of sale has been consummated by writing, the presumption is, the writing contains the whole contract. *Van Ostrand* v. *Reed*, 1 Wend. 424. Here, the contract stated in the defence is an entire contract, the whole of which is to be considered as included in the deeds and note. The rule is, that all oral negotiations or stipulations between the parties, which preceded or accompanied the execution of the instrument, are to be regarded as merged in it, and that the latter is to be treated as the exclusive medium of ascertaining the agreement to which the contractors bound themselves."

We are of the opinion that the court erred in overruling the demurrer to the seventh paragraph of the answer; and, for such error, the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the seventh paragraph of the answer, and for further proceedings in accordance with this opinion.

*W. D. Willson*, for appellant.

*W. D. Ward, R. M. Goodwin*, and *J. O. Cravens*, for appellees.