HON. JAMES BARRETT, ⎫
HON. HOMER E. ROYCE, ⎬ ASSISTANT JUDGES.
HON. JONATHAN ROSS, ⎭

---

## NATIONAL BANK OF CHELSEA *v.* ISHAM.

*Promissory Note.   Evidence.*

In assumpsit on a promissory note the entire consideration whereof had failed, the question being whether the plaintiff bank was a *bona-fide* indorsee thereof, plaintiff was permitted to ask its president whether the bank took the note in good faith, and discounted and received it in the ordinary course of business, who answered in the affirmative. *Held*, error.

GENERAL ASSUMPSIT.   Plea, general issue, and trial by jury, June Term, 1875, POWERS, J., presiding.

The plaintiff introduced a note in evidence, signed by defendant, and payable to the order of one Mahan, and indorsed in blank by

said Mahan and one Elihu Hyde. It was conceded that there was an entire failure of consideration of the note, and the sole question that was submitted to the jury was, whether the plaintiff was a *bona-fide* holder of the note or not. The plaintiff introduced said Hyde as a witness, who was the president and one of the directors of plaintiff bank at the time the note was received by said bank, and at the time of trial ; and it appeared from the testimony that said Hyde was the party who induced the bank to discount said note ; that he was the principal party who acted for the bank in the matter ; that the board of directors at first refused to discount the note, and that said Hyde then indorsed it, and that then it was accepted and discounted. After the witness had been cross-examined, counsel for plaintiff put to him the following question : " Did the bank discount and receive this note in the ordinary course of business ?" To this question the defendant objected, because it was not asking the witness to state any particular fact, but called for the expression of an opinion as to a conclusion of law. But the court overruled the objection, and permitted the question to be put, and the witness answered it in the affirmative. To the putting of the question and to the receiving of the answer thereto, defendant excepted. Counsel for plaintiff also put to the same witness the question, " Did the bank receive it in good faith ?" The defendant made the same objection to this question ; but the court overruled it, and the witness answered it in the affirmative. To the putting of this question and receiving the answer, defendant excepted. The jury, under the direction of the court, found a special verdict, that plaintiff received the note in the ordinary course of business, and in good faith, and also rendered a verdict for the plaintiff to recover the full amount of the note.

*Henry Ballard* (*J. W. Rowell* with him), for defendant.

The court erred in permitting the question to be put and answered as to whether or not the plaintiff received the note " in the ordinary course of business." The phrases, " in the ordinary course of business," " due course of business," are, in the mer-

cantile law, as applied to the transfer of negotiable paper, a formulary way of stating a conclusion of law upon certain facts that, in the given case, may be shown to exist. These facts are, that the transfer was made upon a sufficient consideration moving between the parties, and *bona fide.* Whether or not a note is received " in the ordinary course of business," depends upon whether or not it is received under circumstances involving all of these three facts. These facts must be proved like any other facts. *Clough* v. *Patrick*, 37 Vt. 429, is decisive of this question in favor of the defendant.

For the same reasons it was error for the court to permit the question to be put and answered, " whether the bank received the note in good faith." The phrase, " in good faith," as applied to the transfer of negotiable paper, means that there were no facts or circumstances within the knowledge of the party who received it that would naturally excite suspicion, and induce a reasonable man to inquire whether there were any defences to it as against the original payee. The expression, " in good faith," does not, of itself, imply or mean any particular fact or facts as existing ; but it is a conclusion of law, to be drawn from a state of facts and circumstances that, in a given case, may accompany a transfer of a note ; and such facts and circumstances must be proved like any other facts and circumstances. *Clough* v. *Patrick*, *supra.*

*S. B. Hebard*, for plaintiff.

Possession of the note is *prima-facie* evidence that the bank is the owner thereof, and in the absence of proof to the contrary, is conclusive ; and there is no denial of the validity of the note, so it makes no difference to the defendant who holds the note, as long as he owes it to some one. *Fletcher* v. *Fletcher*, 29 Vt. 98. We are unable to see how the question asked of the witness Hyde, " called for the expression of an opinion as to a conclusion of law." Hyde gave no opinion, but simply told what the facts were ; and the conclusion was to be arrived at by the jury from his answers. Hyde being fully cognizant of the facts, it was competent for him to give his opinion.

The opinion of the court was delivered by

ROYCE, J.    The court erred in admitting the answers of the witness Hyde.    The questions put to the witness were, "Did the bank discount and receive this note in the ordinary course of business?" and "Did the bank receive it in good faith?"    These were both questions of fact, and to be determined as such.    The rule as laid down by Ch. J. NELSON, in *Teal* v. *Barton*, 40 Barb., is, that opinions, belief, deductions from facts, and such like, are matters which belong to the jury; and when examination extends to these, and the judgment, inference, and belief of a witness are inquired into, as they are matters proper for the consideration of the jury, their province is, in a measure, usurped; the judgment of witnesses is substituted for that of the jury.    And in *Moorhouse* v. *Mathews*, 2 Comst. 514, SHANKLAND, J., states the general rule upon the subject to be, that witnesses must be confined to the communication of facts, and not opinions or conclusions which they have formed from facts, whether known to themselves or derived from the testimony of others    In *Clough* v. *Patrick*, 37 Vt. 421, the plaintiff introduced certain depositions in which the deponent used the words, "in the course of business," in referring to the transfers of the note in suit.    Those words were erased by the direction of the court before the depositions were read to the jury, and this court held that they were properly erased.    The decision was put upon the ground that it was expressing by the witnesses their judgment of the legal result of the facts which they had specifically stated.    But the court say, that in the mercantile law, with reference to the legal character of the transfer of negotiable paper, that expression is a mere formulary for stating a conclusion of law upon certain facts which, in the given case, may be shown to exist, to the effect that the transfer was made while the paper was current, for a sufficient consideration moving between the parties, and *bona fide*.    Often it becomes necessary to know just what was done, and when it was done, and under what circumstances, in order to determine whether the transfer was so made.    This expresses the legal idea of what should have been done in this case.    Facts should have been proved, not opinions, deductions, or inferences, in order that it

might be determined from them, how, and under what circumstances, the plaintiff became possessed of the note.

Judgment reversed, and cause remanded.