No. 10,576.

## McComas v. Haas.

PRACTICE.—*Special Verdict.—Demurrer.—Harmless Error.—Supreme Court.*—
Where the decision of the trial court, in overruling a demurrer to a bad
paragraph of answer, is complained of as erroneous, the Supreme Court
will regard the error as harmless, when it appears from the special ver-
dict that, upon such paragraph of answer, the jury did not find against
the plaintiff.

PROMISSORY NOTE.—*Defence.—False and Fraudulent Representations.— Value
and Utility.—Matters of Opinion.— Existing Facts.—Answer.*—In an action
upon a promissory note, a paragraph of answer setting up that the note
was given for the price of certain machines, which the payee of the note
falsely and fraudulently represented to be of great value and utility,
when they were in fact useless and of no value, is bad on demurrer for
the want of sufficient facts. Such representations do not relate to ex-
isting material facts, and are mere matters of opinion, upon which the
purchaser has no right to rely, and acts at his peril if he does.

PLEADING.—*Bad Answer. — Overruling Demurrer.*—The overruling of a de-
murrer to a bad paragraph of answer is to adjudge that if the facts
stated therein are proved, the defendant is entitled to a verdict, how-
ever insufficient such facts may be to constitute a defence to the action;
and, therefore, such a ruling is, generally, such an error as requires the
reversal of the judgment.

From the Montgomery Circuit Court.

*T. E. Ballard* and *M. E. Clodfelter*, for appellant.
*H. M. Billings* and *W. S. Moffitt*, for appellee.

Howk, C. J.—In this case the appellant sued the appellee
in a complaint of two paragraphs. The first paragraph counted
upon a promissory note; and in the second paragraph, the
appellant declared upon a note and a written contract, which
were parts of one and the same transaction. The cause was
put at issue and tried by a jury, and a special verdict was re-
turned, in substance, as follows:

" We, the jury, being requested to find a special verdict on
the facts in this cause, do find the following facts, viz.:

" 1. That the note and contract, mentioned in plaintiff's
complaint, were executed by and between the defendant and
one S. B. J. Bryant, on the 22d day of September, 1877.

McComas *v.* Haas.

" 2. That the consideration of said contract was the sale by S. B. J. Bryant to the defendant of fifty Champion horse hay forks and hay carriers.

" 3. That S. B. J. Bryant never delivered any of said horse hay forks and hay carriers to the defendant, Jacob Haas.

" 4. That S. B. J. Bryant did not perform all of the conditions of said contract on his part.

" 5. That S. B. J. Bryant did not put up one of said horse hay forks and hay carriers, without any expense to the defendant, Jacob Haas.

" 6. That Jacob Haas never received any consideration for said contract.

" 7. That said Champion horse hay forks and hay carriers were wholly worthless.

" 8. That the defendant, Jacob Haas, paid for the rods and ropes used in putting up one of the horse hay forks and hay carriers.

" 9. That the defendant was induced to execute the contract, mentioned in plaintiff's complaint, by the false and fraudulent representations made by said S. B. J. Bryant to the defendant, in regard to said horse hay forks and hay carriers.

" 10. That S. B. J. Bryant was not, at the time of the execution of the contract mentioned in plaintiff's complaint, the owner of the Champion hay fork and hay carrier for the States of Indiana and Michigan.

" 11. That S. B. J. Bryant did not extend the time for the payment of said note and contract one year, as provided in said contract.

" 12. That the defendant used due diligence in trying to sell said Champion hay forks and hay carriers.

" 13. That the defendant did not sell any of said Champion hay forks and hay carriers.

" 14. That the plaintiff was not damaged in any amount by reason of the defendant's not performing his part of the contract mentioned in plaintiff's complaint.

" 15. That S. B. J. Bryant did not take back all of said

fifty horse hay forks and hay carriers not sold at the end of one year from the time said contract mentioned in plaintiff's complaint was executed.

" If, upon the foregoing facts, the law be for the defendant then we find for the defendant; but if, from the above facts, the law be with the plaintiff we find for the plaintiff, and assess his damages at the sum of blank dollars."

Over the appellant's motions for a *venire de novo*, for a new trial, and for judgment on the special verdict, the court rendered judgment against him for appellee's costs.

The first error assigned by the appellant is the sustaining of a demurrer to the first paragraph of his complaint. This error is not discussed by his counsel in their brief of this cause, and is, therefore, regarded as waived.

Appellant's counsel first complain, in argument, of the overruling of his demurrer to the second paragraph of appellee's answer. The appellee alleged, in the second paragraph of his answer, that before the maturity of the note and contract sued on, and before he had notice of the assignment of such note and contract to the appellant, S. B. J. Bryant, the payee therein, notified the appellee that he, Bryant, had assigned the note and contract to one Ed. Hardee; that at the same time said Hardee also notified the appellee that said Bryant had so assigned the note and contract to him, Hardee; that said Hardee authorized one Mat. Doherty to sell the note and contract with the appellee; that said Doherty had full authority from said Hardee to compromise and settle the note and contract; that said Doherty, as the agent of said Hardee, proposed to appellee to compromise, cancel and surrender the note and contract on payment to him by appellee of the sum of ten dollars; that the appellee then and there paid such sum of ten dollars to said Doherty as the agent of said Hardee, who received the same in full satisfaction of his note and contract, and then and there agreed to cancel and surrender the same to the appellee; that such payment was so made before the maturity of the note and contract, and be-

fore the appellee had any notice of the assignment thereof to the appellant, and in full satisfaction of all damages sustained by said Bryant or said Hardee, by reason of the appellee's non-compliance with the conditions of the contract. Wherefore, etc.

Appellant's counsel insist, in argument, that this paragraph of answer is bad, and the demurrer thereto ought to have been sustained, because "it does not show that the note and contract sued on were ever assigned, in any manner whatever, to Ed. Hardee, with whom the alleged accord and satisfaction are claimed to have been made. There is a difference between pleading facts and pleading evidence tending remotely to prove those facts; and the pleading of such evidence does not excuse the absence of such facts. The averment that S. B. J. Bryant notified appellee that he, Bryant, had assigned the note and contract to one Ed. Hardee is not an averment of fact." This is the only objection made by counsel to the second paragraph of answer, and we do not think it is well taken. The averment, which counsel say is not an averment of fact, seems to us to be the averment of a fact essential to the sufficiency of the paragraph of answer. Possibly, the averments of the paragraph were not sufficiently certain and specific, but such an objection to a pleading can only be reached by motion, and not by a demurrer for the want of sufficient facts. *Pennsylvania Co.* v. *Sedwick*, 59 Ind. 336.

But, if it were conceded that the court erred in overruling the demurrer to the second paragraph of answer, it is manifest from the special verdict, that the jury did not find against the appellant upon such paragraph. The error, therefore, if it were such, was harmless, and a judgment will not be reversed for a harmless error.

It is claimed that the court erred in overruling the demurrer to the third paragraph of appellee's answer. In discussing this error, appellant's counsel say : " The third paragraph of answer is bad, for the reason that the representations, claimed to have been fraudulently made, were of and concern-

ing mere matters of opinion. The answer says: 'Bryant falsely and fraudulently represented that said hay carriers and forks were of great value and utility in stacking and mowing hay, mowing grain, raising dirt from a well, and a large scope of other work.' False statements as to value and utility do not constitute fraud."

This objection to the sufficiency of the third paragraph of answer seems to us to be well taken, and is supported by authority. Representations as to the value and utility of a machine, however false and exaggerated they may be, are mere matters of opinion, as a rule, upon which the purchaser has no right to rely, and acts at his peril if he does. The representations must be as to material facts. Nor will it aid the pleading to simply characterize the representations as fraudulent, where, as in this case, the facts in relation to the fraud are not stated. In *Kernodle* v. *Hunt*, 4 Blackf. 57, this court held that, in an action on a note, a plea that the note was executed in consideration of the sale and conveyance to the defendant of the right to use, sell, etc., a certain patent right, which the payee represented to be useful and valuable, but which was in fact of no use or value, was not sufficient to bar the action. The court said: " The question in these cases is, did the vendor deceive the vendee by his false and fraudulent representations respecting some material fact, about which the vendee could not by common and ordinary diligence inform himself, in relation to the quality, the quantity, or the performance, etc., of the thing sold?" The doctrine of the case cited has never been doubted or questioned in this court, upon the point under consideration, but the case has been cited with approval in many of our later decisions. *Gatling* v. *Newell*, 9 Ind. 572; *Hunter* v. *McLaughlin*, 43 Ind. 38; *Neidefer* v. *Chastain*, 71 Ind. 363 (36 Am. R. 198).

For the reasons given, we are of opinion that the court erred in overruling the appellant's demurrer to the third paragraph of answer. Appellee's counsel claim that the ruling of the court was right, because certain facts, which ought to

have been averred in the paragraph, appear elsewhere in the record, or in the special verdict. But the sufficiency of a paragraph of answer, when demurred to, must be determined upon the facts stated therein, and not upon matters elsewhere appearing in the record. The effect of overruling a demurrer to a bad paragraph of answer is to adjudge that, if the facts stated therein are proved, the defendant is entitled to a verdict, however insufficient such facts may be to constitute a defence to the action. The overruling of a demurrer to a bad paragraph of answer, therefore, is such an error, in the case in hand, as clearly requires the reversal of the judgment. *Over* v. *Shannon,* 75 Ind. 352.

The conclusion we have reached, in regard to the insufficiency of the third paragraph of answer, renders it unnecessary for us now to consider or decide any of the questions discussed by counsel arising under the alleged error of the court in overruling the motion for a new trial. These questions are not likely to occur again on a new trial of the cause, at least in their present form.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the third paragraph of answer, and for further proceedings not inconsistent with this opinion.

Filed Jan. 31, 1884.