## JOHNSON *v.* MOORE.

Assumpsit for work and labour performed under a *parol* contract, according to which the defendant was to pay for the work by a conveyance of certain real estate, when he should obtain the title: *Held*, that though the defendant might not be bound to convey, the contract being by *parol;* yet he could not be sued for the work, unless notice had been given him of its completion, and he had then failed to convey.

*Held*, also, that if, when the work was completed, the defendant had not been able to obtain the title, he was entitled to a reasonable time to procure it; giving the plaintiff, if he required it, a written assurance that the deed should be executed according to contract.

APPEAL from the *Lawrence* Circuit Court.

*Friday,
May 15.*

HOLMAN, J.—*Moore* brought assumpsit against *Johnson*, on a quantum meruit, for clearing 20 acres of land, and making 2,000 rails. *Johnson* demurred to the evidence: the amount of which was, that he had employed *Moore* to clear 20 acres of land, and make 2,000 rails, for which he was to make him a deed for a lot in *Palestine*, when he obtained a title; observing at the time, that it was out of the question to give money for the work. The weight of the testimony as to the performance, is, that *Moore* cleared the greater part of the land, and made nearly all the rails. Some of the witnesses, however, go further, and might lead to the idea that all the labour was performed. But whether the jury might have inferred a performance, on the part of *Moore*, need not be determined. On this evidence the Circuit Court gave judgment for the plaintiff.

The principal ground relied on, in support of this judgment, is, that the contract, being by *parol*, was not obligatory on *Johnson*, and would not enforce a conveyance of the lot; and that *Moore* had a right to consider it as void, and go on a quantum meruit for the labour he had performed. This ground is too broad to be maintained. Before the work was begun, *Moore* might have abandoned the contract as a nullity: but when he began the work he adopted the contract, and this option ceased;

inasmuch as a recision would then place *Johnson* in a worse situation than was contemplated by the contract. For although it may be admitted, that no action would lie against *Johnson* for a failure to convey the lot, yet as that was the only consideration he had agreed to give for the labour, he certainly had a right to discharge his contract by a conveyance. If *Moore* became dissatisfied with the nature of the contract, before he completed the labour, he might have suggested to *Johnson*, that his promise to convey the lot was not obligatory, and have required him to reduce the contract to writing. Had he refused, his refusal might perhaps have been such an evidence of fraud, on his part, as would have entitled *Moore* to his action for the labour he had already performed. If he had performed all the labour, and *Johnson*, after due notice, had failed to make him a conveyance agreeably to his undertaking, there would be no question but *Moore* would be entitled to an action for the value of his labour. But here it must be understood, that the deed was not due on the performance of the labour; but when *Johnson* obtained a title. Now if the contract on the part of *Moore* was completed, *Johnson* was not bound to make the conveyance, unless he had obtained a title himself; but *Moore* was bound to wait a reasonable time for the title to be obtained. If the title was not obtained, and *Moore* was unwilling to trust to his parol contract any longer, he might have demanded of *Johnson* a written assurance that the deed should be made within a reasonable time, according to the circumstances of the case; and if *Johnson* would not give such an assurance, *Moore* might have brought his action immediately. But without inquiring whether *Moore* has performed his undertaking, or whether this is such a contract as should have been specially declared on, there can be no doubt but that the evidence does not make out a case in favour of the plaintiff. If the labour was performed, there is no evidence that *Johnson* had notice of that fact, which alone would entitle *Moore* to a deed. Further than this, there is no evidence that *Johnson* had obtained a title, or had failed to use due diligence in procuring one. On this evidence, therefore, the Circuit Court should have given judgment for the defendant.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Naylor*, for the appellant.

*Dewey*, for the appellee.