May Term,
1840.

Clark and Another *v.* Harrison.

CLARK
v.
HARRISON.

Suit by the assignee of the payee of a sealed note payable one year after date, against *Clark* and *C. M'Clure,* the makers. Plea, that the consideration of the note was the payee's verbal contract to convey to *Clark* certain real estate; that the payee refused to convey the same, and also refused to reduce the contract to writing. The replication to this plea states, that on the payee and *Clark's* building a steam-mill in a certain town according to contract, the proprietors of the town were to convey to them certain real estate; and that the note was given for the payee's share of that property, which he was to convey to *Clark* as soon as they procured the title. It does not deny but that the payee's contract to convey was verbal. It states that *Clark* agreed with the payee to fulfil with him their contract to build the mill; that the payee afterwards, with *Clark's* consent, entered into a covenant with *C. M'Clure* and one *A. M'Clure,* by which they, for a valuable consideration paid to *C. M'Clure* by the payee, agreed that *C. M'Clure* should perform the payee's part of the contract to build the mill; that *Clark* and *C. M'Clure* had failed to build the mill, neither of them having performed his part of the work; and that the payee's contract to convey, &c., named in the replication, is the same with that mentioned in the plea; without this, that the payee agreed verbally with *Clark* to convey to him, &c. *Held,* on general demurrer, that the replication was bad, and the plea good.

To a suit on a sealed note, the defendant may plead in general terms, that the note was executed without any good and valuable consideration.

Saturday,
May 30.

ERROR to the *La Porte* Circuit Court.

Dewey, J.—*Harrison,* as the assignee of *Wyatt,* sued *Clark* and *C. M'Clure* on a sealed note for 1,500 dollars payable in one year from date. The defendants pleaded three pleas.

The second plea sets forth that, at the time of making the note, *Wyatt,* the payee, and *Clark* had agreed with the proprietors of a town, called *Indiana City,* to build a steam-mill therein, and that the proprietors, in consideration thereof, had covenanted with them to convey to them twenty-four lots of ground, upon one of which the mill was to be erected; that afterwards, when the note was executed, *Wyatt* and *Clark* agreed verbally, that the former should convey to the latter his share of said lots, (being one-half,) excepting that on which the mill should stand, in consideration of which verbal agreement *Clark,* with *C. M'Clure,* as his surety, executed the note to *Wyatt;* and that *Wyatt* had neglected and refused to convey to *Clark* the lots so contracted to be

conveyed to him, and had also refused to reduce the contract to convey to writing.

The plaintiff replied that, at the time of making the contract between *Wyatt* and *Clark* mentioned in the plea, and when the note was executed, they, *Wyatt* and *Clark*, were bound by a covenant with the proprietors of *Indiana City* to build a steam-mill in that town; that the proprietors, in consideration of the erection of the mill, had agreed to convey to *Wyatt* and *Clark* twenty-four lots when the mill should be completed; that *Clark* purchased of *Wyatt* his interest in that contract at the price of 1,500 dollars, for which the note was executed; that *Clark* agreed to take a conveyance from *Wyatt* of his share of the lots so soon as *Wyatt* and *Clark* should procure a title from the proprietors of the town; that *Clark*, at the same time, agreed with *Wyatt* to fulfil with him their contract with the proprietors to erect the mill; that after the sale by *Wyatt* of his share of the lots to *Clark*, the former, with the knowledge and consent of the latter, entered into a covenant with *C. M'Clure* and one *A. M'Clure*, by which they, in consideration of 1,800 dollars paid down to *C. M'Clure*, and of 1200 dollars more to be paid to him by *Wyatt* when demanded, agreed that *C. M'Clure* should perform *Wyatt's* part of the contract, which he and *Clark* had made with the proprietors to build the mill; that *Wyatt* paid all the money to *C. M'Clure* according to his agreement; that *Clark* and *C. M'Clure* had failed to build the mill agreeably to the contract of *Wyatt* and *Clark* with the proprietors—neither of them having performed his part of the work; and.that the contract between *Wyatt* and *Clark*, for the sale by the former of his share of the lots to the latter, set out in the replication, is the same agreement mentioned in the plea and none other; without this, that the said *Wyatt* agreed verbally with *Clark* to convey to him *Wyatt's* share of the twenty-four lots, excepting the lot on which the mill was to be situated, as mentioned in the plea.

The defendant put in a general demurrer to the replication, which was overruled. This is one of the errors assigned, and, we think, well assigned.

The replication commences by admitting the existence of

the verbal contract alleged in the plea as the consideration of the note, and concludes by a traverse of that very agreement. This is such a repugnance in the averment of material matter as vitiates pleading upon general demurrer. Gould's Pl. 155.

But independently of this technical defect, which evidently happened through inadvertence, the replication is insufficient. The defence set up by the plea is, that the consideration of the note was a *verbal* contract by *Wyatt* to convey to *Clark* certain real property, which he had refused to convey, and that he had also refused to reduce the contract to writing. This statement shows that the note was given without any valid consideration, which under our statute is a good defence. R. S. 1838, p. 451. There was no mutuality in the agreement, as *Clark* could not compel its performance by *Wyatt*. It is void under the statute of frauds, and is such a contract as *Clark* had a right to treat as a nullity under the circumstances of the case. This principle was settled by this Court in the case of *Johnson* v. *Moore*, 1 Blackf. 253. The replication does not deny that the consideration of the note was a *verbal* contract to convey real property, but alleges that the terms of the contract were somewhat different from the terms of that set out in the plea, and attempts to show an excuse on the part of *Wyatt* for not complying with them. This difference is a matter of no consequence, as the contract, in either form, was not binding upon *Wyatt* under the statute of frauds. Nor, had the contract been valid, has the plaintiff, in our opinion, succeeded in establishing *Wyatt's* justification for not complying with it. The object of the replication is to show that *Clark* exonerated *Wyatt* from performing, or causing to be performed, his part of the contract made by him and *Clark* with the proprietors of *Indiana City* to build the mill—on the completion of which depended *Wyatt's* ability to convey to *Clark* the property for which the note was given. This object has failed. The consent of *Clark*, that *Wyatt* should contract with the *M'Clures* that *C. M'Clure* should do what *Wyatt* was bound to do, in conjunction with *Clark*, by the contract with the proprietors of the town, does not amount to an assumption by *Clark* of the risk of *C. M'Clure's* failure to comply with the contract with *Wyatt* to do his part of the building

the mill. *Clark* has no remedy against the *M'Clures* for such a failure, but *Wyatt* has. He can sue on his covenant with the *M'Clures*, and to that he must look for redress. *C. M'Clure's* failure, in contemplation of law, was the failure of *Wyatt* himself; and as the replication alleges that *C. M'Clure* and *Clark* were equally in default in that matter, there is no reason to impute to *Clark*, more than to *Wyatt*, the non-performance of the condition on which depended both their right to a title to the property out of which this controversy has arisen, and *Wyatt's* ability to convey to *Clark.*

The third plea alleges, that the note mentioned in the declaration was executed by *Clark* and *C. M'Clure* " without any good and valuable consideration whatever." The plaintiff demurred generally to this plea, and the demurrer was sustained. This is also error. With regard to this general form of a plea denying the existence of a consideration for a specialty, this Court has expressed an opinion, heretofore, that it is well enough. *Huston* v. *Williams*, 3 Blackf. 170.—*Kernodle* v. *Hunt*, 4 Blackf. 57. We are aware that this opinion is not in accordance with one or two *English* decisions, but we perceive no good reason to change it.

There is another plea in this case—the first in order in the record—to which there is a replication, followed by a rejoinder forming an issue as to a single fact, namely, as to what was the consideration of the note? Verdict and judgment for the plaintiff for the amount of the note. The record also contains the evidence, and some instructions by the Court to the jury, and shows that a motion for a new trial was overruled. It is unnecessary to inquire whether these instructions were right, or whether the verdict was warranted by the evidence, because, admitting both to be correct, (an admission which could not be made were the inquiry essential,) the verdict cannot stand. The second and third pleas are good bars;· and the law is, that when one or more pleas are held sufficient on demurrer, judgment must be for the defendant, though the plaintiff may have obtained a verdict on an issue of fact formed upon another plea, 2 Burr. 753.—1 Saund. 80, n. 1.

VOL. V.— 39

May Term,   *Per Curiam.*—The judgment is reversed, and the verdict,
1840.    replication to the second plea, &c., and the proceedings
WELLS    under the third plea subsequent to the joinder in demurrer,
v.       set aside, with costs.   Cause remanded, &c.
TEALL.
          *J. B. Niles,* for the plaintiffs.
          *C. Fletcher* and *O. Butler,* for the defendant.