Nov. Term, 1861.

FRYBARGER
v.
COCKEFAIR.

---

### FRYBARGER *v.* COCKEFAIR.

In a suit against the assignor of a promissory note, not payable in a bank in this State, the complaint must show that diligence has been used against the maker, or some excuse for the want of diligence.

Under the code, want of consideration for a written instrument, of the class which *prima facie* imports a consideration, as the indorsement of a note, must be specially pleaded; and evidence of a want of consideration can not be given, in such case, under the general denial.

*Wednesday, December 11.*

APPEAL from the *Fayette* Circuit Court.

PERKINS, J.—A promissory note was made as follows:

"$1060.        CONNERSVILLE, *February* 9, 1858.

"Twelve months after date, we promise to pay to the order of *W. W. Frybarger*, one thousand and sixty dollars, for value received, without relief from valuation or appraisement laws, &c.

(Signed)        "SHERMAN SCOFIELD,
                    "JESSE HATTON."

This indorsement was made thereon:

"I assign the within to *E. Cockefair*, for value received.
                    "W. W. FRYBARGER."

The above note fell due, *February* 9, 1859. *Cockefair*, the assignee, commenced suit upon it, *August* 22, 1859, and

obtained judgment on *January* 21, 1860, in the *Fayette*
Circuit Court. The makers had become insolvent, and the
money was not made, and now *Cockefair*, the assignee, sues
*Frybarger*, the assignor, upon his assignment. In his com-
plaint he showed neither diligence, nor an excuse for
the want of it, and hence the complaint was bad. How far it
might be cured by reply, see *Reilley* v. *Rucker*, 16 Ind. 303.
*Frybarger* answered that the assignment of the note by him
to *Cockefair* was without any consideration, paid, or to be
paid. To this answer the Court sustained a demurrer. In this
the Court erred. Appellee's counsel contend that the error,
if it be such, should not reverse the case, because evidence
of want of consideration might have been given under the
general denial. We think such evidence could not have been
given under the general denial. The suit was upon the
assignment, a *prima facie* cause of action. Under the new
code, want of consideration for a written instrument, of the
class which, *prima facie*, imports a consideration, must be
specially answered.

*Per Curiam.*—The judgment is reversed, with costs.
Cause remanded for further proceedings, with leave to
amend, &c.

*Jno. S. Reid*, for the appellant.

*B. F. Claypool* and *L. Develin*, for the appellee.