## CONWELL v. CLIFFORD.

PRACTICE.—*Special Finding.*—A special finding of facts and conclusions of law, not made at the request of either party, not signed by the judge, and not made a part of the record by order of court or by a bill of exceptions, cannot be regarded as having been made under· sec. 341 of the code, and can only have the effect of a general finding.

PLEADING.—*Foreclosure.*—*Answer.*—To a complaint to foreclose a mortgage made to secure a promissory note, an answer that the note was given without any consideration is good.  .

SAME.—*Want of Title in Vendor.*—An allegation of an entire want of title in the vendor is no defence to the foreclosure of a mortgage given to secure the payment of the purchase-money.

SAME.—*Writing Filed with Pleading.*—It is not sufficient to state in a pleading that a writing is filed with it; the writing must be filed, or it will not be available.

PLEADING.—*Foreclosure.—Mortgage to Secure Purchase-Money.—Failure of Title.*—To a complaint to foreclose a mortgage, an answer alleging that the note sued on was given for the purchase-money of the mortgaged real estate, and that the title has failed, and the defendant has been evicted, but not showing that the real estate had been conveyed to the mortgagor by a deed containing any covenants, is bad.

TITLE.—*Representations that Vendor has Title.*—A party about to purchase real estate has no right to rely on a statement of the vendor that he has a good title.

PLEADING.—*Foreclosure.—Mortgage to Secure Purchase-Money.—Fraud.—Breach of Warranty.*—To a complaint to foreclose a mortgage, an answer alleging that the note secured was given for purchase-money of the real estate mortgaged, and alleging a want of title in a part of it, but not showing fraud or a breach of covenant, is bad.

From the Ripley Circuit Court.

*W. D. Willson* and *T. E. Willson,* for appellant.

*E. P. Ferris,* for appellee.

OSBORN, J.—This was an action brought by the appellant against the appellee, to foreclose a mortgage given to secure a promissory note. The note and mortgage were given by the appellee to the appellant, and are filed with and made a part of the complaint. It is alleged in the complaint that two hundred dollars yet remain due upon the note and mortgage.

The appellee filed an answer to the complaint of five paragraphs. First. The general denial. The second, fourth, and fifth paragraphs allege that the note was given for the purchase-money of the real estate described in the mortgage, and facts which were intended to show a failure or want of consideration for the note. The fifth contained an allegation of fraud. The third alleged that the note was given without any consideration whatever. Separate demurrers were filed to the second, third, fourth, and fifth paragraphs of the answer, because they did not contain facts sufficient to con-

stitute a defence to the action, which were sustained to the second and fourth, and overruled to the third and fifth. Each party excepted. A reply of general denial was filed to the third and fifth paragraphs of the answer. The cause was tried by the court, who, without being requested to do so by either party, found the facts and conclusions of law, but did not sign the same. Nor is such finding and conclusions made a part of the record by order of court or bill of exceptions. It concludes with a general finding for the defendant, the appellee.

The appellant excepted to the finding of facts and conclusions of law, and filed a motion for a new trial. The motion for a new trial was overruled, to which an exception was taken, and final judgment was rendered against the appellant on the finding, and for costs.

The several rulings of the court are questioned by the assignment of errors, except that overruling the motion for a new trial. That is not assigned for error.

The special finding cannot be regarded as having been made under section 341 of the code. It can only have the effect of a general finding for the defendant. *Nash* v. *Caywood*, 39 Ind. 457 ; *Smith* v. *Davidson, post,* p. 396.

The third paragraph of the answer was a bar to the action. *Kernodle* v. *Hunt,* 4 Blackf. 57 ; *Clark* v. *Harrison,* 5 Blackf. 302 ; *Barner* v. *Morehead,* 22 Ind. 354 ; *Frybarger* v. *Cockefair,* 17 Ind. 404 ; *Swope* v. *Fair,* 18 Ind. 300.

The fifth paragraph was bad, because it was pleaded in bar of the whole action and not in bar of a personal judgment only. An allegation of an entire want of title in the vendor is no defence to the foreclosure of the mortgage given to secure the purchase-money. *Hubbard* v. *Chappel,* 14 Ind. 601 ; *Rogers* v. *Place,* 29 Ind. 577 ; *Hanna* v. *Shields,* 34 Ind. 84. The demurrer should have been sustained to that paragraph.

It is alleged in the fifth paragraph that the note was given for the undivided half of the real estate described in the mortgage ; that the title has failed, in this, that one Anthony Digant was the owner and in possession of the same and

mortgaged it to the school fund of Ripley county; that it was sold under the mortgage, without proper and due notice, to one Elias Conwell; "that the title of the heirs of Conwell for which the note in suit was given, as well as the interest of said John A. Conwell, rests on that sale and not otherwise, and the deed set out as made by John A. Conwell, a copy of which is filed here, relies on the sale for title and not otherwise;" and that the "plaintiff fraudulently represented to the defendant that the heirs of said Conwell had a good title to said land, and he, defendant, relying on said title and being ignorant of the facts above stated, was induced to purchase the same." It alleges an eviction from the land by an older and paramount title. A copy of the deed mentioned did not accompany the answer. At least, no copy is in the transcript. It is not sufficient to state in the pleading that a writing is filed with it. It must be filed, or it will not be available. It is not alleged that the deed to the appellee contained any covenant. Indeed, it is not expressly alleged that any conveyance was executed, or that he was entitled to one at the time of filing the answer. His contract of purchase may have been an executory one, the title to be made after the payment of all the purchase-money. The facts alleged do not show a breach of any covenant.

The allegation that the plaintiff fraudulently represented that the heirs of Conwell had a good title to the land, does not show the representation of a fact, but simply a legal opinion. "To constitute a misrepresentation a ground of fraud for avoiding the contract, or to entitle the injured party to his action, it must be in regard to a material fact, operating as an inducement to the purchase or the making of the contract, and upon which the purchaser or person making the contract had a clear right to rely." *Frenzel* v. *Miller,* 37 Ind. 1, 17. There is no averment that the appellant made any false representations of any fact, or that he concealed any thing from the appellee; nothing showing any inquiry by the appellee relative to the title. An examination of the county record would have disclosed to him its history, and

put him upon inquiry, so that he might have learned whether the auditor's sale was legal or not.    He was not justified in blindly relying upon the opinion of the appellee.

There being neither fraud nor a breach of covenant alleged in the answer, it was bad.

The appellee insists that the complaint is bad; that it does not allege that the note is unpaid.    But we think the averment that two hundred dollars yet remain due on the note and mortgage is a sufficient averment of its non-payment, at least to that amount.

The judgment of the said Ripley Circuit Court is reversed, with costs; the cause is remanded to said court, with instructions to sustain the demurrer to the fifth paragraph of the answer, and for further proceedings.