Robert B. Mitchell

v.

Duncan McNab.

1. Parol contract—Payment to be made in land—Statute of frauds.—A party who, under a parol contract, has rendered services in payment for land, cannot repudiate or annul the contract on the ground that it is within the Statute of Frauds, and recover the value of his services, there being no default on the part of the other contracting party.

2. Refusal of vendor to perform—Implied contract.—Where one through his own act or neglect cannot, or availing himself of the right arbitrarily given by the statute, will not, perform an express agreement for which he has received a consideration, the law, from the circumstances, will imply one that will bind him, at least to return the consideration received; but so long as the vendor is in no default, but is able and willing to convey according to the terms of the parol contract, the purchaser who has executed it on his part by payment in money, property or labor, cannot annul or avoid it, and recover the amount paid or the value of the labor performed.

3. Voidable contract—Performance by purchaser.—A parol contract for the purchase of lands, although it cannot be enforced against the vendor, by reason of the prohibition of the statute, is yet not void. It remains a lawful contract, resting upon a lawful consideration. The party who has performed has thereby put it out of his power to repudiate on his part, and he has no right or authority to repudiate it for the other, who might, for himself, if he would, but who chooses rather to perform; and the purchaser is without remedy until he puts the other party in default.

Appeal from the County Court of Cook county; the Hon. Mason B. Loomis, Judge, presiding.

Messrs. Ives & Stevens, for appellant; that the contract was valid, and could not be avoided by appellee until he had put the other party in default, and that the plea of the statute of frauds is a personal privilege, cited McCoy v. Williams, 1 Gilm. 584; Abbott v. Draper, 4 Denio 51; Westfall v. Parsons, 16 Barb. 645; Coughlin v. Knowles, 7 Met. 57; Wetherbee v. Potter, 99 Mass. 361; Dogget v. Brown, 28 Ill. 493; Johnson v. Moore, 1 Blackf. 253; Lane v. Shakford, 5 N. H. 130; Duncan v. Baird, 8 Dana 101; Shaw v. Shaw, 6 Vt. 75; Chitty on Con. 306.

That the contract was not void for uncertainty: Bac. Abr.

"Grant H." 3; Haven v. Crain, 6 N. H. 93; Canning v. Pinkham, 1 N. H. 353; Estes v. Furlough, 59 Ill. 298; Dike v. Greene, 4 R. I. 285; Thompson v. Stevens, 71 Pa. St. 161.

Mr. F. SACKETT and Mr. GEO. E. STOWE, for appellee; contending that the contract was within the Statute of Frauds and could not be enforced, and that appellee could recover on a *quantum meruit*, cited 3 Par. on Con. 35; Hain v. Goodrich, 37 N. H. 185; Cuddy v. Brown, 78 Ill. 415; Temple v. Johnson, 71 Ill. 13; King v. Brown, 2 Hill, 485.

That part performance will not take a case out of the statute: Wheeler v. Frankenthal, 78 Ill. 124; Cuddy v. Brown, 78 Ill. 415.

That the contract was voidable at the will of either party: Collins v. Thayer, 74 Ill. 138.

That the contract was void for uncertainty: 1 Chit. on Con. 92; 1 Story's Eq. § 767; 3 Par. on Con. 354; Shelton v. Church, 10 Miss. 774; Hammer v. McEldowney, 46 Pa. St. 334; Farwell v. Lother, 18 Ill. 252.

That the Statute of Frauds is presumed to have been pleaded in an action before a justice of the peace: Comstock v. Ward, 22 Ill. 248; Williams v. Corbett, 28 Ill. 262.

It is not error to refuse an instruction based upon a state of facts upon which there is no evidence: East v. Crow, 70 Ill. 91; Nichols v. Bradsby, 78 Ill. 44; I. B. & W. R. R. Co. v. Birney, 71 Ill. 391.

Where substantial justice appears to have been done, the judgment will not be disturbed: Dishon v. Schorr, 19 Ill. 59; Schwarz v. Schwarz, 26 Ill. 81; Rice v. Brown, 77 Ill. 549; Cottingham v. Owens, 71 Ill. 397; Sterling Bridge Co. v. Baker, 75 Ill. 139.

PLEASANTS, J.   Under a verbal agreement between the parties, appellee did two hundred rods of grading upon the streets of appellant's subdivision of a tract of land at Arlington Heights. A dispute arose about the mode of payment provided by it,— appellant claiming that it was to be in average lots of the subdivision at $100 each, and appellee denying it and insisting on the

cash. The latter brought his suit before a Justice of the Peace, which was appealed to the Circuit Court. On the trial the defendant introduced evidence tending to prove the contract as he claimed it to be, and there was no pretense that he had refused or been unable to convey in pursuance of it or had said or done anything to avoid it. But the court instructed the jury that if the agreement was only verbal it was not binding upon either party, and if plaintiff went on and did the work with the knowledge of defendant, and since that time they have been unable to agree upon the terms of settlement, then plaintiff had the right to recover in this action what such work was reasonably worth,—and refused to instruct them that if plaintiff had agreed to take his pay in lots as above stated, and had never selected any nor asked defendant to convey in payment, then he could not recover in this action, although they should believe from the evidence that the work was properly done.

There was a verdict for plaintiff, which the court refused to set aside, and a judgment thereon—from which defendant appealed to this court, and here assigns several errors, all of which are embraced in the giving and refusing the instructions as above set forth.

The question thus presented is, whether a party who under a parol contract has rendered services in payment for land, can repudiate or annul the contract, and recover the value of his services, without default shown on the part of the other.

Appellee holds the affirmative, and insists that under the Statute of Frauds such an agreement is void, or at least voidable at the pleasure of either party and at any time before its complete performance by both, without regard to the ability and willingness of the other to perform on his part: citing Ham v. Goodrich, Adm'r, &c., 37 N. H. 185; King v. Brown, 2 Hill, 485; and Collins v. Thayer, 74 Ill. 138.

But in each of these cases the party who had agreed to convey was in default before and at the time of suit brought. In the first he had died without having conveyed, whereby performance and demand of performance had alike become impossible; in the second, he had voluntarily disabled himself by

conveying to another; and in the last he had given express notice that he no longer considered himself bound.

Where one, through his own act or neglect cannot, or availing himself of the right arbitrarily given by the statute, will not, perform an express agreement for which he has received a consideration, the law, from these circumstances, may justly imply one that will bind him at least to return that consideration. On this principle the plaintiffs in the cases cited were allowed to recover—not under the special counts upon the express contract, but under the common counts for money, work and labor, upon a contract implied by the law.

And they really decide no more, although in two of them the courts used language perhaps broad enough to support the proposition here contended for. Thus, what was said by Mr. Justice NELSON, in 2 Hill, and relied on by counsel here, that " the true principle is this: the contract being void and incapable of enforcement in a court of law, the party paying the money or rendering services in pursuance thereof may treat it as a nullity and recover the money or the value of the services rendered, under the common counts," was true of the case before him. The contract there was void, not because it was in parol, but because it had been *in fact avoided*—the defendant who had agreed to convey to the plaintiff had annulled it by conveying to another person; but in reference to cases like the one at bar it would be quite inaccurate.

So in Collins v. Thayer the point under consideration was not before the court. There also the contract was in fact terminated—both parties so asserted, and it was unnecessary to say whether it was or] was not terminable at any time and at the mere will of either party upon notice to the other; and therefore what was said on that subject is not to be regarded as authoritative.

These are the strongest cases for the appellee of which we have any knowledge, but in our view they fail to support his position.

On the other hand the decisions are numerous to the effect that so long as the vendor is in no default, but is able and willing to convey according to the terms of the parol contract, the

Mitchell v. McNab.

purchaser who has executed it on his part by payment in money, property or labor, cannot annul or avoid it, and recover the amount paid or the value of the labor performed: Dowdle v. Camp, 12 Johns. 451; Westfall v. Parsons, 16 Barb. 649; Abbott v. Draper, 4 Denio, 51; Coughlin v. Knowles, 7 Metc. 57; Wetherbee v. Potter, 99 Mass. 360; Lane v. Shackford, 5 N. H. 130; Shaw v. Shaw, 6 Vt. 75; Johnson v. Moore, 1 Blackf. 253; Duncan v. Baird, 8 Dana, 101.

We refrain from quotation, remarking merely that these decisions seem to be in point, and to rest upon solid ground of legal and moral principle.

The reason is, that in such cases the contract, although it cannot be enforced at law against the vendor by reason of the prohibition of the statute, is yet not void. It remains a lawful contract, resting upon a lawful consideration. The party who has performed has thereby put it out of his power to repudiate on his part—the very idea of repudiation after actual performance being incongruous—and he has no right or authority to repudiate it for the other, who might for himself, if he would, but chooses rather to perform. He must recover, then, if at all, upon an implied agreement; but the law never implies an agreement in the presence of an express one, which is lawful, subsisting, covering the same subject matter, and which the party sought to be charged is ready and willing to fulfill. He is therefore without remedy until he puts the other party in default, as he ought to be, since he has suffered no wrong. He has done no more than he lawfully and knowingly agreed to do, and may receive, if he will, all that he agreed to take. This reasoning seems to us to be unanswerable.

The conclusion reached is not in conflict with the doctrine that payment of the price alone will not take a parol contract for the sale of land out of the statute. That doctrine is established for the protection of the vendor who has not performed, and means no more than that such payment will not prevent *him* from successfully pleading the statute in bar of any action brought upon the contract, either to enforce its performance or to recover damages for its non-performance.

Nor is it opposed by the rule which requires mutuality of

obligation by contracts. Here there was complete mutuality, both of obligation by the contract and of right or privilege under the statute to avoid it. If it has been destroyed or impaired, it was by the voluntary act of the party complaining of it, and with presumed knowledge of its legal effect. His complaint, therefore, is not to be heard.

The further point was suggested by counsel on the argument here, that if the contract was as claimed by appellant it was void for uncertainty, inasmuch as it did not ascertain the particular lots to be conveyed. We think, however, that it sufficiently provided the means of ascertaining them. The intention of the parties certainly was that . they were to be ascertained, either by the selection of one or the other of them or by their mutual agreement, and which, is to be arrived at by construction. When so arrived at, it will be in legal effect the same as if it had been so clearly expressed.

We are of opinion that the Circuit Court erred in giving and refusing the instructions, as stated. The judgment must be reversed and the cause remanded for further proceedings not inconsistent herewith.

). Reversed and remanded.