## CATLIN VS. HORNE.

1. CONSIDERATION: *Pleading.*
   A plea alleging that the note sued on was given without consideration, is good.

2. FRAUD: *Pleading.*
   A plea that the note sued on was obtained by false representations, without stating what the representations were, is bad.

APPEAL from *Prairie* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.
*Hughes*, for appellant.

HARRISON, J. The appellee sued the appellant before a justice of the peace upon the following note:

"$200.                           MARCH 7TH, 1876.

"On or before the 15th day of July next I promise to pay Sim Horne two hundred dollars—it being one-half of my subscription for the purpose of building a county jail in the town of Des Arc.

" Witness my hand and seal.

"S. P. CATLIN."

The defendant filed an answer containing three paragraphs.

The first alleged that the note was given without consideration. The second and third were as follows:

" 2. Defendant, for a further answer, says: That the said note was obtained by false representations made to defendant by the plaintiff, which he, this defendant, at the time believed and acted on, and which were the sole and only inducement to the execution thereof. That the facts and

circumstances under which this defendant signed and delivered said note, were the following:

" This defendant, in July, 1874, made three distinct propositions to the commissioners elected on the thirtieth day of June, 1874, to locate the county seat of Prairie county, as an inducement to locate the same at Des Arc, conditioned, that any one of said propositions being accepted the others were to be void.

" The first of said propositions was, to furnish the house to be used as a court-house at Des Arc. The second of said propositions was, to furnish the ground upon which to build a court-house and jail; and the third of said propositions was, the donation of four hundred dollars. All of said propositions are herewith filed, marked, respectively, the first, 'C;' the second, 'D;' and the third, 'E;' and made part of this answer. That all of said propositions were delivered to said commissioners; that they had the same under consideration and advisement, and in their report to the county court, at its July term, 1875, locating said county seat at Des Arc, they reported the two propositions, marked respectively 'C' and 'D;' but did not report or make any mention of the proposition 'E;' leaving with the county court to determine which of the two, 'C' or 'D,' to select.

" That upon said report the county court appointed commissioners to receive plans and specifications for building a county jail—to report at an adjourned term, to be held on the thirteenth day of September thereafter. That at said adjourned term, the court made an order approving the letting of the contract for the building of the jail to the plaintiff for the consideration of the Des Arc subscriptions before subscribed and filed for that purpose.

" That at the January term, 1876, said commissioners, so

Catlin vs. Horne.

appointed, reported to the court that they had let the building of the jail to the plaintiff, and had paid him for the same with the subscription list of the citizens of Des Arc and vicinity; which did not and could not have included the naked proposition of this defendant to donate, as an alternative, four hundred dollars, practically rejected by the commissioners, whose duty it was to receive donations and locate said county seat. And said defendant says: that he is informed and believes, that he is bound by the selection of said commissioners; and submits that having executed said note upon a false representation of facts, the same is without consideration and void.

" 3. This defendant for a further answer in this cause says: that at the time he executed the note herein sued on, he was wholly and entirely ignorant of the action of the commissioners to locate the county seat on his said three propositions, and also of the action of the county court, and of the commissioners, to build the jail.

" That supposing fair dealings would be meted out, and having entire confidence in the parties managing the matters in question, he gave himself no trouble about the matter. That a short time after the completion of the jail, the plaintiff came to him and informed him that the jail commissioners had turned over to him the four hundred dollars conditional donation proposition, and, at the same time, representing to the defendant that the same had been accepted by the commissioners to locate the county seat; which said statement and representation was untrue. but that this defendant, at the time, believing that the said proposition had been legally accepted, and that he was released from the other two, he gave the note, conditioned, verbally, that it should in no wise conflict with the previous action of the commissioners to locate the county seat,

or the action of the county court, but in all things was to be made to conform to the action of said commissioners and of said court."

The plaintiff filed a demurrer to the whole answer, which the justice sustained, and rendered judgment in his favor.

The defendant appealed to the circuit court.

In the circuit court the demurrer was again sustained to all the paragraphs of the answer, and judgment was again rendered for the plaintiff.

As a consideration is essential to the validity of every contract, the defense set up in the first paragraph of the answer was unquestionably, a good one, and the demurrer as to it should have been overruled.

It was several times held by this court before the adoption of the Code of Practice, that a plea of no consideration, without stating the circumstances attending the execution of the contract sued on, was good. *Dickinson v. Burks, 6 Ark., 412; Cheney v. Higginbotham, 10 Ark., 273; Dickinson v. Burks, 11 Ark., 308;* and the same ruling has been made in other states under the Code practice. *Butler v. Edgerton, 15 Ind., 15; Frybarger v. Cockefair, 17 Ind., 404; Swope v. Fair, 18 Ind., 303; Evans v. Williams, 60 Barb., 346; Newm. Plead. and Prac., 543.*

The *second* and *third* paragraphs, which we have set out, are singularly loose and vague. The *second* alleges that the note was obtained from the defendant by false representations, but does not show what the misrepresentations were, by which he says he was deceived.

The demurrer to it was rightly sustained.

The defense set up in the third, if we correctly understand it, is, that the commissioners to locate the county seat, by not reporting the defendant's proposition to donate four hundred dollars to the county court, when they made

their report of the location, and also reported his other propositions, elected not to accept it, and it was no longer obligatory upon him; of which action of the commissioners he had no knowledge when he executed the note, and was induced to execute it by false representations of the plaintiff that they had accepted it.

The assumption, that the proposition to donate the money was not accepted, or assented to, and never became binding or obligatory upon the defendant, because the commissioners failed to report it to the county court, when they reported their location of the county seat, with his two other propositions, is not correct.

The removal of the county seat of Prairie county from Devalls Bluff to Des Arc, was made under the provisions of an act of the general assembly, entitled "an act providing for the removal of the county seat of Prairie county," approved May 28, 1874.

The *sixth section* of the act required the commissioners elected for that purpose, when they should have selected the location, to make a report of the location to the board of supervisors (now the county court), and also of the donations that had been made in land or money; and the *eighth section* said, "the board of supervisors shall receive all donations made for the erection of the public buildings, and if land be donated, the deed shall be made to the county of Prairie."

The proposition of the defendant to donate four hundred dollars was made to depend upon the event that neither of his other propositions was accepted, and all were upon the condition that the county seat should be located at Des Arc.

As the commissioners had no authority to provide a court-house, or to say upon which ground the court-house or

jail should be built, the board of supervisors, or the county court, which succeeded it, could only accept one of the first two propositions, neither of which being accepted, and the county seat being located at Des Arc, the proposition to donate money became absolute and binding. It is not alleged that either of the first two was accepted, which fact would have been within the knowledge of the defendant.

The fact that the money proposition was not reported by the commissioners when they made their report of the location of the county seat, did not have the effect to reject it. They had no power to reject any proposition or donation made, under the provisions of the act, and their omission to report the money proposition of the defendant when they reported the location, could not affect him in any way, or absolve him from his obligation.

The alleged representation, therefore, was true, and the defendant was not deceived by the plaintiff, or induced by any misrepresentation to execute the note, and the demurrer to this paragraph, also, was properly sustained.

But, for the error of the circuit court in sustaining the demurrer to the first paragraph, which should have been overruled, its judgment is reversed, and the cause remanded for further proceedings