CARPENTER, Appellant, v. MURPHY, Respondent.

(167 N. W. 175.)

(File No. 4263. Opinion filed March 26, 1918.)

1. **Statute of Frauds—Realty Sale Contract—Purpose of Writing, Purpose of Oral Contract With Memorandum, Distinguished—Common Law—Written Contract, Memorandum, Defined.**

Parties contracting for sale and purchase of realty follow one of two courses, either of which was sanctioned by early common law; they attempt to put terms of transaction in writing to preserve indisputable evidence of such terms; or they intentionally leave part or all the terms thereof unevidenced by writing. When the contract is in writing, and signed by both parties, the writing is the contract; when a memorandum of an oral contract is in writing and signed by vendor, it is not the contract, but a memorandum. Statutes of Frauds have condemned oral contracts; some by leaving them valid, but declaring them unenforcible; others, like ours (Civ. Code, Sec. 1238), by declaring the contracts invalid unless there be some note or memorandum signed by the parties sought to be charged, which note or memorandum furnishes evidence of the material terms of such contracts.

2. **Same—Realty Sale Contract—Statute, Rules of Evidence Under, Early Common Law, Rule Stated.**

Under Civ. Code, Sec. 1238, declaring contracts invalid unless there be some note or memorandum signed by the parties sought to be charged, which note or memorandum furnishes evidence of material terms of such contract, the rules of evi-

dence would be the same as at the early common law; in case of a written contract, the writing is the only competent evidence; in case of an oral contract, the terms thereof may be established by parol.

3.   Same—Specific Performancee—Oral Contract, Questions Presented Under—Terms—Validation, By Whom, and How—Conditions, Effect of, re Evidence.

In case the rights of a party to a contract for sale and purchase of realty rest upon an oral contract, two questions are presented:   What were the terms of the contract?   Has the contract been validated by the parties to be charged?   Such oral contract can only be validated by the party to be charged—the vendor in this case—by his executing by signature some memorandum or memoranda evidencing all terms of the contract affecting vendee's right of recovery in a suit for specific performance.   A memorandum of terms of an oral contract involving certain conditions upon which right to enforce it depends, which memorandum omits all reference to such conditions, might evidence all terms essential to a binding contract, and thus be sufficient prima facie evidence to prove terms of the contract and that the party executing the memorandum had validated the contract, but yet, as a matter of fact, such oral contract would not be validated; and the party against whom it was sought to be enforced could, in order to prove that such oral contract had not been validated, show by parol that there were essential terms or conditions therein of which no written memorandum had been shown; construing Civ. Code, Sec. 1238, declaring contracts invalid unless there be some note or memorandum signed by the parties sought to be charged, which note or memorandum furnishes evidence of the material terms of such contracts.

4.   Same—Specific Performance—Oral Contract of Time Sale—Part Payment, Vendor's Receipt—Receipt as Memorandum, Under Statute, Validity.

Where, in a suit by vendee to enforce specific performance of an oral contract of sale of realty by defendant to him, it appeared that vendee made an advance payment as agreed, vendor executing to him a receipt therefor; that as shown by sufficient evidence, vendor during the negotiations informed vendee that he needed the purchase money to meet bills then coming due and to secure discounts in payment thereof, and that if the deal could not be closed by a certain date, he would not sell to plaintiff, held, that the time of closing the deal became a controlling provision of the contract; that even if the memorandum were held to contain ample evidence of all terms essential to a complete contract, yet it does not contain all material terms and conditions thereof, and therefore it

remained invalid under the Statute of Frauds (Civ. Code, Sec. 1238), declaring contracts invalid unless there be some note or memorandum signed by the parties to be charged, which note or memorandum furnishes evidence of the material terms of such contracts. Held, further, that, since vendee, upon examining abstract of title, refused for good cause to accept title to the land, and it appearing that a suit to quiet title would be necessary to remedy the defect, vendor could not compel specific performance.

5.  Specific Performance—Oral Sale Contract—Time as Essence—Subseuent Negotiations, Materiality.

In a suit for specific performance of an oral contract for sale and purchase of realty, where time was of the essence of the contract, the fact that the parties were still negotiating with a view to a possible closing of the deal, after the time within which the contract was to have been performed by vendee had expired, is immaterial, in absence of a new and valid contract; since at best, such negotiations but furnish evidence of what the oral agreement was.

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by James S. Carpenter, against James Murphy, for specific performance of a contract to convey realty. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Gardner & Churchill,* for Appellant.

*C. A. Kelley,* and *James Byrnes,* for Respondent.

(4)  To point four of the opinion, Respondent cited: Horner v. Woodland, 41 Atl. 1079 (Md.); Meyer Land Co. v. Pecor, 101 N. W. 39 (S. D.); Phelan v. Neary, 117 N. W. 142 (S. D.); Wilken v. Voss, et al., 94 N. W. 1123 (Ia.); City of Murray v. Crawford, 28 L. R. A. (N. S.) 680.

WHITING, P. J. Plaintiff seeks the specific performance of a contract to convey real property. Findings, conclusion, and judgment were in favor of defendant. From such judgment and an order denying a new trial this appeal is taken.

[1] It is appellant's contention that the contract was in writing, and that the trial court erred when it held that such writing was "not a valid, binding, and legal contract for the sale of real estate, and that specific performance of same cannot be enforced."

Parties contracting for the sale and purchase of real property

follow one of two courses, either of which was sanctioned by the early common law: They attempt to put the terms of their transaction in writing to preserve indisputable evidence of such terms; or they intentionally leave part or all the terms of the contract unevidenced by any writing. As said in Mull v. Smith, 132 Mich. 618, 94 N. W. 183:

"When the contract itself is in writing and signed by both parties, the writing is the contract. When the memorandum of the oral contract is in writing and signed by the vendor, it is not the contract, but a memorandum."

Statutes of frauds have condemned oral contracts; some by leaving such contracts valid, but declaring them unenforceable; others, like ours, by declaring the contracts invalid unless there be some note or memorandum signed by the parties sought to be charged, which note or memorandum furnishes evidence of the material terms of such contracts. Section 1238, C. C. The difference in the two classes of statutes was very fully noted in Jones v. Pettigrew, 25 S. D. 432, 127 N. W. 538, and in which we said:

"Considering now the difference between these two classes of statutes—that under one the contract is valid, but not enforceable without certain proof can be made, while under the other the contract itself never becomes valid until it is entered into (evidenced) in the manner prescribed by statute or unless certain part performance prescribed by statute has taken place —we see that, upon the trial, if one is attempting to prove a state of facts which brings the particular case under the bar of a statute such as we have in South Dakota, it would be an attempt to prove an invalid contract by perfectly competent evidence; while in the other case it would be an attempt to enforce a contract which, under the law, was absolutely valid, but by means of incompetent evidence."

[2, 3] It follows that, under our statute, the rules of evidence would be just as at the early common law. In case of the written contract the writing is the only competent evidence. In case of an oral contract the terms thereof may be established by parol. In case the rights of a party rest upon an oral contract two questions are presented to the court: What were the terms of the contract? Has the contract ever been validated by the

party to be charged? Such oral contract can only be validated by the party to be charged—the vendor in this case—by his executing, over his signature, some memorandum or memoranda evidencing all those terms of the contract which affect the vendee's right of recovery. Thus an oral contract may be entered into where the whole contract is subject to certain conditions upon which the right to enforce the contract depend. A memorandum of the terms of such a contract, which memorandum omits all reference to the conditions affecting such contract, might evidence all the terms essential to a binding contract, and thus be sufficient prima facie evidence to prove the terms of the contract as well as to prove that the party executing such memorandum had validated such contract; but yet, as a matter of fact, such oral contract would not have been validated, and the party against whom it was sought to be enforced would be at liberty, in order to prove that such oral contract had not been validated, to show by parol that there were essential terms or conditions of such contract of which no written memorandum had been introduced in evidence.

It must be remembered that, under our statute, the party sought to be charged may admit every term of the oral contract and yet rely upon its invalidity under the statute of frauds. As was well said in Fisher v. Andrews, 94 Md. 46, 50 Atl. 407, in speaking of a contract coming under the provisions of another section of the statute of frauds:

"The principal object in making a memorandum of sale in mercantile transactions is to comply with the requirements of the statute of frauds, and the general rule is that, if the memorandum does not embrace all the material terms of the verbal contract, it is not sufficient. It frequently happens, therefore, that in such cases parol evidence is admitted, not for the purpose of varying or contradicting a written agreement, as was suggested by the appellants that the appellee was attempting to do, but to show that what [was] professed to be a memorandum of the contract did not in fact truly state it, but had omitted some essential terms that had been agreed upon in the verbal contract. The case of Kriete v. Myer, 61 Md. 558, is a good illustration of the sufficiency of such memorandum. There a sold note was given by the agents of the vendor, and it was held that the

memorandum of sale need not state the time of the delivery if no time was fixed in the parol agreement, as the law would imply that it is, in such case, the duty of the seller to deliver the goods in a reasonable time; or, if there be an established custom among merchants dealing in such goods regulating the time of delivery, it will be controlled by such custom. But it was further held that, if a time for delivery be fixed in the verbal agreement of sale, such time must be incorporated in the memorandum, and, if it is not, it is insufficient."

[4] In the case before us it is absolutely without dispute that the contract was oral, and that, after the contract was entered into, appellant, as vendee, made the advance payment that had been agreed upon, and respondent executed to him a receipt for such payment. It is this receipt which appellant speaks of as a written contract, but which is in fact but a memorandum of some or all of the terms of the oral contract. It is this receipt or memorandum that the trial court held to be "not a valid, binding and legal contract for the sale of real estate." The oral contract was entered into April 27th and the receipt or memorandum was executed that day. The trial court finds:

"That during the negotiations between the plaintiff and defendant the defendant stated in effect to the plaintiff that if he sold the land in controversy to the plaintiff that he needed the money to meet bills that was then coming due and wished to take advantage of the discounts allowed on the bills if paid when due, and if the deal could not be closed by May 1, 1915, he would not sell the land to the plaintiff.".

Appellant contends that the above finding is unsupported by the evidence. In this contention appellant is in error; such finding is fully supported by undisputed testimony. The time of closing the deal thus became a controlling provision of said contract, and therefore, even if the memorandum should be held to contain ample evidence of all the terms essential to a complete contract, yet it does not contain all the material terms and conditions of the contract that was in fact entered into; and, for that reason alone, it remained invalid under the statute of frauds. Moreover, it is perfectly clear that, if there had been a written contract embodying therein this condition upon which the continued binding force of such contract depended, and such con-

tract was not closed within the time provided by such condition, and this through no fault of the vendor, the vendor would be released. It appears without dispute that upon examination of the abstract of title appellant refused to accept the title as it appeared on such abstract; that he received this abstract on April 28th; and that at least one of the alleged defects could not, prior to May 1st, have been cured in the method insisted on by appellant—an action in court to quiet title. It was therefore up to, appellant to accept the title and close the deal or to allow the deal to fall through. To require specific performance after May 1st would have been to compel respondent to do what he had contracted against being compelled to do.

[5] It might be urged that it appears from the evidence that, after May 1st, these parties were still negotiating with a view to a possible closing of this deal. Even though this be so, it is immaterial in the absence of a new and valid contract. Parties to an oral contract of which there is no memorandum whatsoever may proceed with their negotiations up to the very point of closing the deal by the delivery of a deed and the payment of the consideration therefor, and yet, at the last moment, the vendor may lawfully elect to refuse to carry out such contract. At the best, such negotiations but furnish evidence of what the oral agreement was. In this case it is clear that respondent did nothing after May 1st which in any manner validated the oral contract or which could estop him from alleging and relying upon its invalidity.

The record in this case peculiarly discloses the importance of foreclosing all chance for innocent mistake or for actual fraud in transactions of this kind by contracting in writing. If people see fit to enter into invalid contracts, and thus rely upon each other's honor, they must do so at their peril.

Under the views herein expressed it is clear that the judgment and order appealed from should be, and they are, affirmed.