REEDY, Respondent, v. EBSEN, Appellant.

(242 N. W. 592.)

(File No. 7307.   Opinion filed May 21, 1932.)

*Caldwell & Burns,* of Sioux Falls, for Appellant.
*Thomas McInerny,* of Elk Point, for Respondent.

ROBERTS, J.    The complaint alleges that plaintiff paid defendant $1,000 on an oral agreement for the purchase of a tract of 160 acres in Lincoln county, S. D.    Defendant in his answer admits the receipt of the money, but affirmatively alleges that, when the verbal agreement was made and entered into, and at all times up to the commencement of the action, defendant was able, ready, and willing to comply with the terms of the verbal agreement and to convey the premises upon compliance with the terms of the contract.    Judgment was entered upon findings in favor of the plaintiff for the purchase money paid with interest.    From this judgment defendant has appealed.

The question presented for decision is the right of a vendee to recover back money paid upon an oral contract for the sale of land when the vendor is ready, willing, and able on payment of the balance of the purchase money to convey title.    It is the settled law that the purchaser of land under a contract which does not satisfy the statute of frauds may recover, as upon an

implied promise, the amount he has paid upon the purchase price, when, without fault on the part of the vendee, the vendor refuses or is unable to perform the contract by conveying such title or interest as he has agreed to convey. 25 C. J. 725. The rule does not give effect to the oral agreement contrary to the statute. In such instance, the law implies a promise on the part of the vendor to refund the amount that he has received in consideration of the agreement which cannot be enforced against him and which he is unwilling to perform.

A more difficult question is presented where the vendor is able and stands ready and willing to perform in compliance with the terms of the oral agreement. This question of the right of a vendee to recover has had the attention of courts in other jurisdictions, but thus far we have had no occasion to pass upon it in the direct form presented by the present record. An examination of the authorities indicates a divergence of opinion. The weight of authority is to the effect that the vendee may not recover back payments on the purchase price if the vendor has not repudiated the contract and stands ready, able, and willing to perform his contract. 25 R. C. L. 725; Brown on the Statute of Frauds, § 122; Annotations: 105 Am. St. Rep. 793, and L. R. A. 1916D, 472.

The difference in the rulings appears to depend upon the form and interpretation of the statute of frauds. Contracts within the statute of frauds in this state are not merely voidable, but are void. The statute does not prescribe a mere rule of evidence, but is a matter of substantive law. Section 856, R. C. 1919; Jones v. Pettigrew, 25 S. D. 432, 127 N. W. 538; Shumway v. Kitzman, 28 S. D. 577, 134 N. W. 325; Carpenter v. Murphy, 40, S. D. 280, 167 N. W. 175; Peterson v. Peterson, 55 S. D. 457, 226 N. W. 641. The original English statute of frauds provides that no action shall be brought upon contracts which are specified therein, unless the parties comply with the requirements of the statute. This form in substance has been adopted in a great many states, and under this form of statute a contract specified therein is valid, but not enforceable, and relates only to the remedy. Under this type of statute, it is manifest that the vendee may not recover money paid in part performance if the vendor is ready, able, and willing to perform the oral agreement on his part. Coughlin v. Knowles, 7 Metc. (Mass.) 57, 39 Am. Dec. 759; Mitchell v. Mc-

Nab, I Ill. App. 297; Shaw v. Shaw, 6 Vt. 69; Galway v. Shields, 66 Mo. 313, 27 Am. Rep. 351; Frey v. Stangl, 148 Iowa 522, 125 N. W. 868, L. R. A. 1916D, 462; Cook v. Griffith, 76 W. Va. 799, 86 S. E. 879, L. R. A. 1916D, 466. The reason for the rule is thus stated in Mitchell v. McNab, supra: "The reason is that in such cases the contract, although it cannot be enforced at law against the vendor by reason of the prohibition of the statute, is yet not void. It remains a lawful contract, resting upon a lawful consideration. The party who has performed has thereby put it out of his power to repudiate on his part—the very idea of repudiation after actual performance being incongruous—and he has not right or authority to repudiate it for the other, who might for himself, if he would, but chooses rather to perform. He must recover, then, if at all, upon an implied agreement; but the law never implies an agreement in the presence of an express one, which is lawful, subsisting, covering the same subject matter, and which the party sought to be charged is ready and willing to fulfill." And in Shaw v. Shaw, supra, the court said: "When one party has partly performed under such a contract, he cannot recover for what he has done, unless the other party insist upon the statute, and refuse to perform. This is too obviously just to require comment, and to disregard it would do violence to every leading principle. The contract cannot be considered void so long as he, for the protection of whose rights the statute is made, is willing to treat and consider the contract good."

There is an apparent lack of judicial harmony in determining the effect of a statute of frauds which provides that an oral agreement shall be invalid or that the agreement shall not be valid, unless in writing. Some of the courts treat a contract not complying with the terms of such form of statute as voidable. It is said that there is in legal effect no difference between a statute of frauds which provides that "no action shall be maintained" and a statute which provides that such contracts shall be "invalid" or that an agreement shall not be valid, unless in writing, 27 C. J. 309-314; Williston on Contracts, § 531. In California, Montana, and Oklahoma, the statutes of frauds, like the statute in this state, declare that oral contracts shall not be valid, unless in writing, and yet these states adhere to the majority rule which denies the right of a vendee to recover the amount he has paid upon the pur-

chase price under the terms of an oral contract which does not satisfy the statute of frauds, if the vendor is ready, able, and willing to perform. Thus, in Laffey v. Kaufman, 134 Cal. 391, 66 P. 471, 85 Am. St. Rep. 283, the court says: "The plaintiff, having made the contract, which is not unlawful, nor against public policy, and having paid the money thereunder, cannot, of his own volition, and without fault of defendants, come into court and receive the assistance thereof to recover the money voluntarily paid. The money was paid for a valid consideration, to wit, the agreement to convey the land. It was only part of the consideration for such conveyance. The conveyance was not to be made until the balance of the consideration was paid according to the agreement." The court in Perkins v. Allnut, 47 Mont. 13, 130 P. 1, holding that a vendee could not recover the amount that he paid upon the purchase price, says: "Counsel for appellant contend that, since the contract relied upon by the defendant is invalid under the statute of frauds * * * it cannot be appealed to by him unless he shows himself entitled to equitable relief. Counsel err, however, in failing to distinguish between facts necessary to entitle one to affirmative relief, and facts sufficient to constitute a defense. The parol agreement for the sale of land was not illegal or absolutely void; it was voidable—that is, it was unenforceable." And in Schechinger v. Gault, 35 Okl. 416, 130 P. 305, 306, Ann. Cas. 1914D, 468, the following reason is given for denying a right of recovery to a vendee: "Obviously what was intended by declaring that such contract should be invalid, unless in writing, was the same should not be enforceable."

The holdings in these states are premised upon a construction of the statute of frauds that a contract within such statute is not void, but merely voidable. Wood v. Lowney et al, 20 Mont. 273, 50 P. 794; Warder v. Hutchinson, 69 Cal. App. 291, 231 P. 563; Adams v. White, 40 Okl. 535, 139 P. 514. The point appears to have been settled in New York in favor of the majority rule denying to a vendee the right of recovery. It is implied, though the distinction in forms of statutes of fraud is not considered, that the ruling is based upon an interpretation of the statute of frauds to the effect that a contract not complying with its terms is not void, but unenforceable. Abbott v. Draper, 4 Denio, 51. See, also, Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. This court, as

before stated, is committed to a literal construction of the statute of frauds. A contract within the statute is not merely voidable, but is in all respects a nullity. Speaking of the distinction in statutes to which we have referred, the court in Brandies v. Neustadt, 13 Wis. 142, concludes: "The parol contract, being void, furnishes no consideration for the payment. A consideration, to be sufficient, must be either a benefit to one party or a damage to the other. The purchaser can derive no benefit from the supposed contract. Nothing passes to him by virtue of it; he obtains no interest in the land, and no promise or agreement on the part of the seller to convey him any; and he can never derive any advantage from what has transpired, except it be as a matter of favor on the seller's part. * * * The reason given for not allowing the purchaser under the English statute, and those like it, to repudiate the agreement and recover back what he has paid, so long as the seller is in no default, is very obvious. But it cannot be given here. It is that the agreement is not void but voidable, or, to speak more correctly, not actionable. * * * The repeal of the statute in such case would at once enable the purchaser to maintain his action upon the agreement. ' With us it is otherwise. Its repeal would leave him in no better situation than formerly. There is in that case a valid living contract between the parties, and though the remedy be suspended, it binds the conscience, and, until it has been broken, constitutes a sufficient consideration for the payment of the money. There being thus a good consideration, if the purchaser chooses to rely upon the honor of the seller for the performance of his contract, instead of putting it in such form that the courts can enforce it, it is no injustice to say to him that he shall not ignore it, at least until that honor has been violated. * * * Under our statute there is no contract; nothing which can be the foundation of any legal or equitable obligation; and how can the court create one? * * * It finds one party in the unexplained possession of the money of another, which he knowingly received without any legal equivalent, and not as a gift, and which he has no legal or equitable right to retain; and why should he not refund?" See, also, Finn v. Barber, 64 Ala. 193; Nelson v. Shelby Mfg. and Imp. Co., 96 Ala. 515, 11 So. 695, 38 Am. St. Rep. 116; Scott v. Bush, 26 Mich. 418, 12 Am. Rep. 311.

The settled construction of the statute of frauds in this state

seems to us to compel the conclusion that the parol agreement, being in all respects a nullity, did not constitute a consideration for the partial payment and that the plaintiff was entitled to judgment.

The judgment appealed from is affirmed.

CAMPBELL, P. J., and POLLEY, WARREN, and RUDOLPH, JJ., concur.